[Civ. No. 1993.   First Appellate District.—August 24, 1917.]

THOMAS TAYLOR, Respondent, v. NORTHWESTERN NATIONAL INSURANCE COMPANY (a Corporation), Appellant.

FIRE INSURANCE—STORE BUILDING AND ADDITIONS ADJOINING AND COM-· MUNICATING—PROPERTY COVERED BY POLICY.—A fire insurance policy under the caption "Country Store Building and Contents Policy Form," providing for insurance on a one-story frame building and its additions, adjoining and communicating, occupied as a grocery-store, and on the stock of groceries and other merchandise contained in the described building and its additions, and granting permission for mechanics and artisans to make alterations or repairs and to build additions, covers a shed erected after the issuance of the policy within a few feet of the described building in which to store

groceries, and not connected with the building otherwise than by a removable board, along which goods were passed from one building to the other.

ID.—CONSTRUCTION OF POLICY.—The construction of an insurance policy is to be ascertained from the whole instrument, the nature of the property, the purposes for which it is ordinarily to be used, its situation, and the manner in which it is usually kept.

APPEAL from a judgment of the Superior Court of Alameda County. Everett J. Brown, Judge.

The facts are stated in the opinion of the court.

Peter J. Crosby, and Stanley R. Sterne, for Appellant.

L. D. Manning, and L. C. Fish, for Respondent.

BEASLY, J., *pro tem.*—This is an appeal from a judgment for plaintiff upon a policy of insurance written by defendant in favor of plaintiff. At the time the policy was issued the plaintiff owned a grocery-store in a one-story frame building in Alameda County. About three months after the date of the policy, a small shed was erected upon the same property with the store covered by the policy. Into this shed a part of the stock of groceries of the store were placed and kept. The shed was subsequently burned.

The trial court found that the shed was an addition to the store within the meaning of the word "addition" as it was used in the policy. The point made here is that this finding is not supported by the evidence.

Under the caption "Country Store Building and Contents Policy Form," the policy, among other things, provided for insurance "On the one-story frame building and its additions, adjoining and communicating, including foundations, piping, plumbing, stationary heating apparatus, electric wiring and fixtures and all other permanent improvements and fixtures attached to and forming a part of said building, occupied as a Grocery Store, situate on the Southwest corner of Forty-first Avenue and Foothill Boulevard, Oakland, California;

"On Store and office furniture and fixtures, of every description, including safes, signs, cash registers, typewriting machines, stationery, office supplies, and utensils in use, all contained in or attached to the above described building and its additions;

"On stock of Groceries and other merchandise, including merchandise held in trust, or on commission, or sold but not delivered, all contained in the above-described building and its additions.

"Permission is granted for mechanics or artisans to make alterations or repairs to the within described building for more than fifteen (15) days at any one time, and to build additions, this policy to cover on and in same, under the respective terms hereof."

The court found that the damage by the fire was done to the stock of groceries contained in the shed above referred to; that the building was about 12x14 feet in size and erected upon the same premises and at a distance of about seven feet from the original building mentioned in the policy; that it was erected for the purpose of storing a part of the groceries covered by the policy and a portion of the stock contained in the original store building at the time the policy was issued. The trial court further found that this shed or building was communicating and connected with the one-story frame building described in said policy, only in manner as follows:

"The door of the shed was placed opposite a window in the one-story building, and the groceries were passed from the one-story building to the shed by sliding along a removable board connecting the one-story building with the shed. This shed or building was the only structure erected on the premises after the issuance of the policy, and that this shed or building constituted an addition to the one-story building described in the insurance policy. This shed or building was of the same character of construction as the one-story frame building, and did not increase the insurance risk. That none of the groceries in the one-story frame building were damaged by the fire."

If the words "additions, adjoining, and communicating" are to be construed as intended to cover only such additions to the store building as are structurally connected therewith, then this case must be reversed, for the evidence does not sustain the finding to which the appellant objects; but it seems to us that in this case this would be too narrow a construction to be placed upon the language of this policy. The construction of a policy of insurance is to be ascertained from the whole instrument, the nature of the property to which the language of the policy is to be applied, the purposes for which prop-

erty is ordinarily to be used, its situation, and the manner in which it is usually kept (*Marsh* v. *Concord M. F. Ins. Co.*, 71 N. H. 253, [51 Atl. 898]), and in speaking of the manner in which a policy of insurance should be viewed, the supreme court of California has said in *Victoria S. S. Co.* v. *Western Assur. Co.*, 167 Cal. 348, [139 Pac. 807], that the rule of law is that policies are to be construed liberally in favor of the insured, and that any uncertainty or ambiguity in a contract of insurance is to be interpreted most strongly against the insurer. In this case the insurance was undoubtedly intended by both the defendant and the insured to cover the store as a store. The caption of that portion of the policy above quoted strongly corroborates this view. In other words, the property insured was to be treated as a store and not as a separate and distinct building or a stock of goods contained in that identical, single structure. This case seems more rationally classified as belonging to that class where additions to a manufacturing plant not structurally connected with the original buildings of the plant are nevertheless held to be covered by insurance where the policy includes additions as it does in this case. Some flexibility of meaning must be given to the language of standard forms of insurance policies such as this, the rigid language of which must be interpreted in the light of the common understanding of the parties in order to do justice between them; and, when this is taken in consideration with the court's finding that the risk was not increased by the erection of this small shed, it would seem to be just that the trial court's construction of the language of this policy and of the evidence in the case, resulting in the finding above referred to, should be sustained.

The judgment is therefore affirmed.

Kerrigan, J., and Richards, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on September 22, 1917, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on October 18, 1917.