FROHLICH *v.* NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PENNSYLVANIA.

1. INSURANCE—FIRE POLICY—GARAGES—COMMUNICATING ADDITION.
   Whether or not a garage is a "communicating addition" to a building, within the meaning of that term as used in a fire insurance policy does not depend upon whether the means or way of communication between them happened to be open or enclosed.

2. SAME—FIRE POLICY—GARAGES—ATTACHED AND COMMUNICATING ADDITIONS.
   A 3-stall frame garage, attached to a 2-story brick building housing 3 stores on the first floor and 3 apartments for living quarters on the second floor, which stalls had always been rented to tenants of the apartments or stores and never to outsiders was not only an attached and communicating addition to the brick building so as to form a physical addition but equally an addition to the uses of the brick building, hence loss by fire was covered under description of "2-story, brick building" and "its attached and communicating additions," notwithstanding it was reached by passing over a 10-foot path over insured's property.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 29 Am Jur, Insurance, § 208.

Appeal from Wayne; Webster (Arthur), J. Submitted April 6, 1950. (Docket No. 17, Calendar No. 44,664.) Decided May 18, 1950.

Assumpsit by Edward Frohlich and others against the National Union Fire Insurance Company of Pittsburgh, Pennsylvania, a foreign corporation, on a fire insurance policy. Judgment for plaintiffs. Defendant appeals. Affirmed.

*John L. Potter* and *Edward P. Frohlich,* for plaintiffs.

*Earl D. Ross* (*Louis Rosenzweig,* of counsel), for defendant.

Dethmers, J. Defendant appeals from a judgment based on its liability under a fire insurance policy issued to plaintiff. The policy covered a "2-story, brick building" and "its attached and communicating additions." The 2-story brick building in question contained 3 stores on the ground floor and 3 flats for dwelling purposes on the second floor. Attached to it was a 3-stall frame garage used principally for automobiles, rented in the past to tenants in the upstairs flats, but available for rent to tenants in the first-floor stores had they so desired; it had never been rented to outsiders. A door at the side of the brick building opened into a yard across which a pathway led for about 10 feet to a door into the garage. The garage was destroyed by fire and defendant denied liability.

The sole question is whether the garage, admittedly "attached" to the brick building, was also a "communicating addition" and therefore covered by the policy.

In *Shepard* v. *Germania Fire Insurance Co.,* 165 Mich 172 (33 LRA NS 156), a fire insurance policy

was written to cover a brick building "and its additions adjoining and communicating." The brick building housed a restaurant in connection with which business a separate wooden building was used. When the policy was written the 2 buildings, both owned by plaintiff, were connected by an 8-foot walk. After the policy was issued, but before fire destroyed the wooden building, the walk was enclosed. This Court held that the policy covered the wooden building. We do not think that the question of whether a garage was a "communicating addition" to the building to which it was attached depends upon whether the means or way of communication between them happened to be open or enclosed. In the instant case the frame garage served the purposes of the tenancy of the brick building and was used in connection therewith so that it was clearly not only attached to form a physical addition, but was equally an addition to the uses of the brick building. Communication between the buildings was by means of a 10-foot pathway extending across plaintiff's property between doors located in the 2 attached buildings respectively. Under the circumstances, we think the garage should be held to be an attached and communicating addition to the brick building within the intent and meaning of the insurance policy. In support of this view see the *Shepard Case* and cases cited therein and also *Ideal Pump & Manufacturing Co.* v. *American Central Insurance Co.*, 167 Mo App 566 (152 SW 408); *Hellrung* v. *Continental Insurance Co.* (Mo App), 232 SW 240; *Taylor* v. *Northwestern National Insurance Co.*, 34 Cal App 471 (167 P 899).

Judgment affirmed, with costs to plaintiff.

BOYLES, C. J., and REID, NORTH, BUTZEL, CARR, BUSHNELL, and SHARPE, JJ., concurred.