[Civ. No. 18033.   First Dist., Div. One.   Mar. 2, 1959.]

MAYBELLE HUGHES BAALMANN et al., Appellants, v. FIREMEN'S INSURANCE COMPANY OF NEWARK, NEW JERSEY (a Corporation), Respondent.

E. C. Mahoney for Appellants.

Bronson, Bronson & McKinnon for Respondent.

HANSON, J. pro tem.*—A policy of insurance as originally issued by the defendant insurer covered the composition roof

*Assigned by Chairman of Judicial Council.

frame building and additions in contact therewith owned by the plaintiffs. The perils insured against at the time were only fire and lightning. The insureds, the plaintiffs herein, subsequently inquired of the insurer's representative if the coverage on their property could be improved. He replied that it could and showed them defendants' so-called "Broad Form" endorsement, which would increase the perils insured against to include, *inter alia*, "falling objects, including costs of removal from the premises; and land slide." In paragraph 10 of the endorsement it is expressly provided that the insurer *shall not be liable* "(8) . . .: FOR LOSS TO OUTDOOR EQUIPMENT, FENCES, RETAINING WALLS NOT CONSTITUTING A PART OF A BUILDING COVERED, DRIVEWAYS, WALKS, LAWNS, TREES, SHRUBS AND PLANTS, EXCEPT AS THE DIRECT RESULT OF THE COLLAPSE OF A BUILDING." (Emphasis added.) Thus, there is no coverage for retaining walls not constituting a part of a building covered even though damaged by landslide, a peril insured against.

It is to be noted that the "Broad Form" insures only against loss from 21 named perils to the property covered by the original policy.

The insured premises stood on a knoll considerably higher than the street level. There were two retaining walls on the property, one located at the street level below and one further up about 15 feet in front of the main foundation supporting the house. On the night of December 22, 1955, a landslide of a part of the soil of the property occurred that damaged the retaining walls and shrubbery. The slide did not damage the dwelling itself.

The two issues before the trial court were: (1) Did the policy cover the loss; that is a question of coverage; (2) If it did, what was the measure of damages?

The plaintiffs contend that, even though the policy provides that the insurer shall not be liable for loss to retaining walls not constituting a part of the building covered, the retaining walls were as necessary as the foundation walls under the house and should be classed as secondary foundations and hence are to be considered a part of the building itself or as "additions in contact therewith." It is true that the policy insures not only the house but also "additions in contact therewith." But here it is plain from the evidence that there was no direct physical contact between the house or its foundations and either of the retaining walls.

The trial judge found on the evidence adduced that the

retaining walls did not constitute a part of the building and entered judgment for the defendant. He did not go on expressly to find that they were or were not additions in contact with the building. But a lack of any such finding is immaterial in that if the walls were an addition they were excluded from coverage unless they were a part of the building.

It is not contended, and indeed it could not be, that the evidence does not sustain the findings; rather the contention is that the trial judge interpreted the policy incorrectly in that there was no question as to the location and function of the retaining walls and hence there was no factual issue involved. On that basis counsel for plaintiffs argues that the case below presented a mere question of law, to wit, the interpretation of the policy, and hence no findings were necessary. Accordingly, he goes on to contend that we may now interpret the policy contrary to the holding below. But he overlooks as such unless they are a part of the house and accordingly a the fact that the policy does not insure the retaining walls fact issue was shadowed forth that called for evidence to determine it. While it is an undisputed fact that the retaining walls were necessary to confine *the earth* and thus tend to make the building safe from landslides, that fact does not ipso facto make them a part of the house from an insurance standpoint and particularly not under the terms of the policy here in question.

The cases cited by plaintiffs for the most part repeat well-established rules of interpretation and are not at variance with what we have here said. Two of the cases on which plaintiffs rely strongly should perhaps be distinguished.

Plaintiffs contend that *Taylor* v. *Northwestern Nat. Ins. Co.,* 34 Cal.App. 471 [167 P. 899], stands for the proposition that structures do not have to be physically joined to come within the meaning of the words "additions adjoining and connecting."

However, the cited case is distinguishable from the one at hand. In the Taylor case, the caption on the policy was "Country *Store* Building and Contents Policy Form" (emphasis added), and the policy provided for insurance "On the one-story frame building and its additions, adjoining and communicating, including foundations," etc., and "On stock of Groceries and other merchandise." The facts were that about three months after the date of the policy a small shed was erected upon the same property with the store and about

seven feet from it; it was erected for the purpose of storing a part of the groceries covered by the policy and a portion of the stock contained in the original store building at the time the policy was issued. The trial court found that the shed was communicating and connected with the one-story frame building described in the policy. The door of the shed was placed opposite a window in the one-story building, and the groceries were passed from the one-story building to the shed by sliding along a removable board connecting the one-story building with the shed. (The court found the shed did not increase the insurance risk.) In the present case, there is no doubt but that coverage of these retaining walls would increase the risk because of (1) their high cost of replacement, and (2) the fact that the former retaining walls had within the past two years been partially if not completely destroyed by a similar slide.

At page 473, the court said: "The construction of a policy of insurance is to be ascertained from the whole instrument, the nature of the property to which the language of the policy is to be applied, the purposes for which property is ordinarily to be used, its situation, and the manner in which it is usually kept [citation] . . .," and at page 474: "In this case the insurance was undoubtedly intended by both the defendant and the insured to cover the store as a store. The caption . . . strongly corroborates this view. In other words, the property insured was to be treated as a store and not as a separate and distinct building or a stock of goods contained in that identical, single structure." And: "Some flexibility of meaning must be given to the language of standard forms of insurance policies . . . [They] must be interpreted in the light of the common understanding of the parties in order to do justice. . . ."

It is to be noted that in the present case the phrase we are dealing with is "additions in contact therewith" and not the phrase used in the above cited case; also, in the instant case what is insured is the composition frame building and additions in contact therewith and no other descriptive words are used to describe this building.

Plaintiffs also cite the case of *Meyerstein* v. *Great American Ins. Co.*, 82 Cal.App. 131 [255 P. 220], where the court held that "additions" included a laundry building and water tank, both destroyed by fire, which were located about 70 feet from the main building.

However, in that case, at page 135, it was recited in the

coverage clause that the policy covered ''the frame building and additions, including the fences, walks, and sidewalks located on and in or around the premises 'situate detached at Woodside.' '' Under the clause relating to the insurance on the personal property, it was recited that ''all betterments and additions paid for by the assured and contained in the main building and additions thereto are included in the coverage clause. Permission was also given by the insurer to make repairs and alterations to the property insured.''

The court at page 135 also said: ''It seems manifest to us that the clear intent of the parties was to include in the coverage clause all the property within the inclosure. It specifically included the fences and walks between the houses located on and 'around the premises.' The tank and its tower was the source of the water supply to the various buildings *and was connected by pipe-lines to the several houses*, and they were part of the premises. . . . Considering the fact that plaintiff was given express authority to make alterations, and the alterations when so made would be covered by the policy, to give to the instruments the construction contended for by appellants would be to render meaningless the word 'additions,' for there was nothing else of an insurable nature within the inclosure to which it possibly could apply.'' (Emphasis added.)

It follows from our analysis of the terms of the policy that evidence was required to determine whether or not the retaining walls constituted a part of the building covered even though damaged by landslide, a peril insured against. Upon the basis of the contradictory evidence adduced on that point, the trial court found in favor of the insurer. In view of that fact it is unnecessary to consider the case in further detail.

Accordingly, the judgment must be, and is, affirmed.

Peters, P. J., and Bray, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied April 29, 1959. Peters, J., did not participate therein.