[L. A. No. 29.  Department One.—December 7, 1895.]

JOSEPH MULLER, RESPONDENT, v. ELMER E. ROWELL, APPELLANT.

FINDINGS—AGREED STATEMENT OF FACTS.—Where the court, in the decision of a case, adopts the facts stipulated by the parties in an agreed statement, as the facts of the case, and bases its judgment thereon, such agreed statement takes the place and serves all the purposes of a formal finding by the court; and no other or more formal findings are required.

ID. — AGREED STATEMENT EQUIVALENT TO ADMISSIONS IN PLEADINGS. — Where the parties stipulate in writing as to what the facts are, and file such stipulation in the action, it is in all substantial respects the equivalent of admitting them in the pleadings; and it is only where the facts are in issue that findings thereon by the court are necessary in any case.

ID.—FRIVOLOUS APPEAL—DAMAGES.—Where it is evident that an appeal is frivolous, and taken purely for delay, the appellant will be mulcted in damages.

APPEAL from a judgment of the Superior Court of the County of San Bernardino.  JOHN CAMPBELL, Judge.

The facts are stated in the opinion of the court.

*Elmer E. Rowell*, and *A. Brunson*, for Appellant.

Findings of fact are essential to the validity of the judgment. (*Christy* v. *Spring Valley Water Works*, 84 Cal. 543; *Bennett* v. *Pardini*, 63 Cal. 154.)

*Paris & Allison*, for Respondent.

Findings of facts were unnecessary, as the case was tried by the court upon an agreed statement of facts as to the evidence of the case. (*Swift* v. *Muygridge*, 8 Cal. 445.)

VAN FLEET, J.—This is an appeal from the judgment upon the judgment-roll, with a bill of exceptions, and the only point made for a reversal is that the lower court did not file findings, which were not waived.

While the record shows that no formal findings were signed and filed by the judge, it does disclose that the parties presented and filed an agreed statement of facts covering all the issues, and it is recited: "That upon the said statement of facts hereinbefore set forth being filed in the cause, the court ordered judgment in favor of the plaintiff in the said action upon the facts of the case as disclosed by the said statement of facts before referred to and set forth, and that thereupon and on the same day judgment was made and entered in the said action in favor of the plaintiff and against the defendant as prayed for in the complaint."

It thus appears that the court adopted the facts stipulated by the parties as the facts of the case and based its judgment thereon. Under such circumstances, and it appearing that these facts fully support the judgment, no other or more formal findings were required. The statement of facts so agreed to took the place and served all the purposes of a formal finding by the court. (*Brewster* v. *Hartley*, 37 Cal. 15; 99 Am. Dec. 237.)

It is only where the facts are in issue that findings thereon by the court are necessary in any case; and where the parties stipulate in writing as to what the facts are, and file such stipulation in the action, it is in

all substantial respects the equivalent of admitting them in the pleadings.

It is very apparent, we think, from the record, that this appeal was taken purely for delay, since it presents the merest pretense of merit, without any in fact, and we think it a case where, as respondent suggests, the appellant should be mulcted in damages as for a frivolous appeal.

The judgment is affirmed with fifty dollars damages.

GAROUTTE, J., and HARRISON, J., concurred.