[L. A. No. 8093. In Bank.—May 25, 1926.]

# BERTHA E. WIXOM, Appellant, v. GEORGE HERRICK DAVIS, Respondent.

[1] CONVERSION—CHATTEL MORTGAGE ON COTTON CROP—ORAL AGREE-
MENT BETWEEN LESSOR AND LESSEES — TITLE. — A mortgage lien
on cotton to be raised under a lease held by the mortgagors at-
tached to the harvested crop irrespective of whether it was planted
before or after an oral agreement, made subsequent to the recorda-
tion of the mortgage, between the mortgagors and the lessor,
under which the latter agreed to finance the mortgagors provided
the title to the crop should be in him and he receive a specified
portion of the net profits; and such oral agreement could not de-
feat the mortgagee's interest, where the latter was not a party
thereto.

[2] ID.—CONTRACTS — TITLE — FINDINGS — EVIDENCE. — In this action
against the lessor for conversion of such cotton crop upon which
the plaintiff held a chattel mortgage, the findings that it was
agreed between the defendant and his lessees that the oral agree-
ment between them, which was later reduced to writing, should
supersede the lease; that by said agreement title to the cotton
crop had passed to the defendant; that no interest in said cotton
had become vested in the plaintiff by reason of her chattel mort-
gage and that she was not entitled to the possession of the same
or any part thereof, are not supported by the stipulated and un-
disputed evidence, and no reasonable inferences may be drawn
from that evidence which will support said findings.

[3] ID.—AGREED STATEMENT — CONSTRUCTION — ULTIMATE FACTS.—In
such action, facts (contained in an agreed statement) to the
effect that plaintiff held a chattel mortgage from lessees cover-
ing an interest in cotton; that the cotton in question was cotton
raised under the terms of the lease; that after the recordation of
plaintiff's mortgage, the defendant lessor and the lessees entered
into an oral agreement, which was later reduced to writing, whereby
the defendant agreed to finance the lessees provided the title to
the crop should be in him and he receive a specified portion of
the net profits; that defendant thereafter took possession of and
sold said cotton to and for his own use and refused to account
to the plaintiff for her interest therein; and that it was decided
on a former appeal that, upon the maturity of the notes secured
thereby, plaintiff became immediately entitled to the possession of
the cotton for the purpose of the sale of her interest therein,
are ultimate and not evidentiary facts.

198 Cal.—41

[4] ID. — FINDINGS — JUDGMENTS. — In such action, the agreed statement of facts considered in connection with facts admitted in the pleadings contains all the facts essential to support a judgment for the plaintiff; and findings of fact were unnecessary, but the fact that they were made did not prejudice the plaintiff on this appeal for the reason that, wherein the same are in harmony with the stipulated facts they are harmless and wherein they are unsupported by those facts they may be disregarded.

[5] ID.—JUDGMENTS—JURISDICTION.—Where after the time that the trial court entered a minute order that judgment "be ordered for the defendant" and before judgment was filed and entered plaintiff filed her notice of appeal and the trial court settled a bill of exceptions to be used on said appeal, the entry of the judgment cannot be said to have been beyond the jurisdiction of the court, for the reason that such entry may be deemed the entry of the judgment ordered to be entered theretofore.

(1) 11 C. J., p. 654, n. 17. (2) 11 C. J., p. 617, n. 86. (3) 38 Cyc., p. 1982, n. 64. (4) 38 Cyc., p. 1955, n. 25, p. 1982, n. 63. (5) 34 C. J., p. 64, n. 61.

APPEAL from a judgment of the Superior Court of Imperial County. M. W. Conkling, Judge. Reversed.

The facts are stated in the opinion of the court.

H. E. Gleason for Appellant.

Jas. F. Seymour, Jr., Clarence B. Conlin and E. R. Simon for Respondent.

SHENK, J.—Conversion. The plaintiff appeals from a judgment in favor of the defendant. On a former trial of this action judgment also in favor of the defendant was reversed on the ground that from the facts found the conclusions of law and the judgment were unsupported (*Wixom* v. *Davis,* 57 Cal. App. 620 [207 Pac. 694]). On the second trial the cause was determined on an agreed statement of facts from which it appears that the plaintiff is the owner and holder of a chattel mortgage which covered a one-third interest in sixteen bales of cotton of the value of $1,442. In October and November, 1920, the defendant took possession of and sold said cotton to and for his own use and

4. See 24 Cal. Jur. 953.

refused to account to the plaintiff for her one-third interest therein. The chattel mortgage was recorded February 13, 1920. It was decided on the former appeal that, upon the maturity of the notes secured thereby, on May 1, 1920, the plaintiff became immediately entitled to the possession of the cotton for the purpose of the sale of her interest therein. The defendant is the owner of a tract of land in Imperial County suitable for the raising of cotton. December 16, 1919, he leased said land on shares for a period of one year to V. E., S. H. and A. L. Edge. In March, 1920, the lessees notified the defendant that they would be unable to finance themselves in the production of a cotton crop on said land and solicited the aid of the defendant in that behalf. Whereupon the defendant orally agreed to advance money and finance his lessees provided the title to the crop should be in him and he receive one-fourth the net profits. There were no profits. In fact the value of the crop was less than the amount of the defendant's advances. The oral agreement was reduced to writing on October 25, 1920.

[1] The defendant assumes to justify his right to retain the proceeds of the sale of said cotton on the theory that the plaintiff's chattel mortgage covered only such cotton as might thereafter be grown on the premises; that the cotton could not have been planted before the execution of said oral agreement and that said oral agreement superseded the lease and the plaintiff was thereby cut off. The plaintiff was not a party to the agreement between the defendant and his lessees and it was immaterial whether the cotton was planted before or after the said oral agreement, for the reason that it was stipulated in the agreed statement "that all the cotton in question in the case at bar was that cotton raised under and pursuant to the terms of the lease dated December 16, 1919." Such being the fact it is clear that the plaintiff's mortgage lien attached to the harvested crop sold by the defendant and that her interest in the same, under the circumstances here shown, could not be set at naught by any agreement between the defendant and his lessees to which she was not a party.

After the submission of the cause on the agreed statement of facts, the court, on January 3, 1923, entered a minute order that judgment "be ordered for the defendant." Before the entry of the judgment so ordered, the plaintiff, on

September 24, 1923, filed her notice of appeal. On December 17, 1923, the court settled a bill of exceptions to be used on said appeal. Three days thereafter the court signed and filed findings of fact and conclusions of law and a judgment in favor of the defendant. [2] The court found, in addition to facts found in accordance with the agreed statement, that it was agreed between the defendant and his lessees that the oral agreement of March, 1920, subsequently reduced to writing, should supersede the said lease; that by said agreement title to the cotton crop had passed to the defendant; that no cotton had been planted prior to the oral agreement; that no interest in said cotton had become vested in the plaintiff by reason of her chattel mortgage, and that she was not entitled to the possession of the same or any part thereof. These findings are not supported by the stipulated and undisputed evidence, and no reasonable inferences may be drawn from that evidence which will support said findings.

[3] The plaintiff insists that the court had no authority to make findings when the case was submitted on an agreed statement of facts, citing *Gregory* v. *Gregory*, 102 Cal. 50 [36 Pac. 364], and *Bailey* v. *Market St. Ry. Co.*, 110 Cal. 320 [42 Pac. 914]. The defendant does not question the rule laid down in those cases, but contends that to render findings unnecessary the agreed statement must contain the ultimate facts and not evidentiary facts, and it is urged that the facts contained in the agreed statement herein are evidentiary and not ultimate. To this we cannot accede. [4] The agreed statement herein considered in connection with facts admitted in the pleadings contains all the facts essential to support a judgment for the plaintiff. From those facts and the law of the case as established on the former appeal, to the effect that the plaintiff was entitled to the possession of the cotton for the purpose of the satisfaction of her lien, it necessarily follows that the judgment should be so entered. Findings of fact were unnecessary, but the fact that they were made did not prejudice the plaintiff on this appeal for the reason that, wherein the same are in harmony with the stipulated facts they are harmless and wherein they are unsupported by those facts as above noted, they may now be disregarded. [5] The entry on December 24, 1923, of the judgment filed on December 20th,

cannot be said to have been beyond the jurisdiction of the court, for the reason that such entry may be deemed the entry of the judgment ordered to be entered on January 3, 1923.

The judgment is therefore reversed. As the conclusions to be drawn from the undisputed facts require judgment to be entered for the plaintiff, the cause is remanded to the trial court with directions to enter judgment in favor of the plaintiff and against the defendant for the amount prayed for in the complaint (see *Perkins* v. *Cowles,* 157 Cal. 625 [137 Am. St. Rep. 158, 30 L. R. A. (N. S.) 283, 108 Pac. 711] ; 2 Cal. Jur. 991).

Waste, C. J., Seawell, J., Curtis, J., Lennon, J., Lawlor, J., and Richards, J., concurred.