[Civ. No. 6626. First Appellate District, Division One.—July 5, 1929.]

GENEVIEVE ZIMMERMAN, as Administratrix, etc., Respondent, v. CONTINENTAL LIFE INSURANCE CO. (a Corporation), Appellant.

Peter tum Suden and Richard tum Suden for Appellant.

Wilbur S. Pierce and Jesse G. Benson for Respondent.

THE COURT.—An action to recover upon a policy of insurance against accident issued to Albert T. Meyer in his lifetime, the indemnity for loss of life being made payable to his estate.

The parties filed an agreed statement of the facts, together with photographs showing physical conditions at the scene of the accident. It appears that the insured on January 29, 1927, in the daytime and immediately before receiving the physical injuries which caused his death, was operating a motorcycle at a speed of twenty-five miles per hour in an easterly direction along Twenty-eighth Street in the city of Oakland. This street crosses Poplar Street upon which the Key System Transit Company maintains a double-track railroad, over which trains are operated by electricity. Cross-arm warning signals were maintained at the crossing.

In approaching Poplar Street from the east along Twenty-eighth Street the view to the north is obstructed until a point about thirty feet east of the tracks is reached. The motorcycle was about this distance from the track when a train from the north reached and was moving across the intersection. The motorcycle collided with the side of one of the cars of the train, causing the injuries from which the insured died.

The clause of the policy under which the plaintiff sought to recover insured against death or disability sustained by the insured "by being struck or knocked down or run over while in or on a public highway by . . . any vehicle . . . propelled by . . . electricity (excluding injuries sustained while on a railroad right of way in violation of statute or any regulation of the railroad company)."

The trial court entered judgment for the plaintiff.

The insurer, which has appealed, contends that the complaint failed to state a cause of action; that the evidence fails to show that the insured was struck or knocked down by the car while he was upon a public highway, and that he was in fact upon the railroad right of way in violation of statute; that the clause quoted insured pedestrians only; that the accident was an excepted peril, and lastly, that the judgment was not supported by findings of fact.

The complaint, as filed contained two counts—one, the second, based upon the clause quoted above and the other, the first, upon a clause of the policy insuring against death or disability caused by the wrecking or disablement of any private automobile, motor-driven car or horse-drawn vehicle, or by being accidentally thrown from such automobile, car or vehicle. To the second count a general demurrer was overruled, but to the first it was sustained without leave to amend. The latter count contained the general allegation that the insured and the plaintiff had each performed all the conditions of the policy, no such allegation, however, being set forth in the remaining count. Appellant urges that by reason of this omission the complaint was insufficient.

■ While allegations of the performance of conditions precedent are essential to the statement of a cause of action upon a policy of insurance (*Allen* v. *Home Ins. Co.*, 133 Cal. 29 [65 Pac. 138]; *Arnold* v. *American Ins. Co.*, 148 Cal. 660 [25 L. R. A. (N. S.) 6, 84 Pac. 182]), here appel-

lant by its answer alleged that neither the plaintiff nor the insured had performed the terms and conditions of the policy, thus treating the issue as properly made, and curing the defect (*Hoover* v. *Lester,* 16 Cal. App. 151 [116 Pac. 382]; *Lugiani* v. *Landau etc. Co.,* 38 Cal. App. 146 [175 Pac. 648]; *Bledsoe* v. *Stuckey,* 47 Cal. App. 95 [190 Pac. 217]).

According to the stipulation the impact was sufficient to break through one of the doors which opened in the side of the car. From this it is contended that the insured was not struck by the car, but that his injuries were wholly due to the velocity of the motorcycle when the collision occurred.

It has been held that when two causes join in causing an injury, one of which is insured against, the insured is covered by the policy (*Continental Life Ins. Co.* v. *Wilson,* 36 Ga. App. 540 [137 S. E. 403]; *Wright* v. *Aetna etc. Ins. Co.,* 10 Fed. (2d) 281 [46 A. L. R. 225]); and while from the nature of the accident and other circumstances shown different conclusions might be drawn, the inference which appears to have been drawn by the trial court that the insured was struck by the car is not unreasonable and is supported by the evidence.

Nor do we find merit in the further claim that the insured was struck while upon the right of way of the railroad company. It is true, as contended by appellant, that he appears to have approached the crossing at an unlawful rate of speed, but the physical facts show that the collision did not occur upon the right of way, but upon the public highway.

It is also claimed that the quoted clause in the policy covers pedestrians only and not injuries received while operating a motorcycle. This construction is based largely upon the fact that in the caption the policy is described as a "Travel and Pedestrian Accident Policy." While the caption may be considered in determining the interpretation to be given a policy (*Taylor* v. *Northwestern etc. Co.,* 34 Cal. App. 471 [167 Pac. 899]; *Moore* v. *Fidelity & Casualty Co.,* 203 Cal. 465 [56 A. L. R. 860, 265 Pac. 207]), the language here supports a broader construction than that sought to be given it by appellant, and the injuries in the present case were, we think, clearly covered by its provisions.

This conclusion also disposes of the contention that the accident under the terms of the policy was an excepted

peril. The policy was issued "in consideration of a registration fee of twenty-five cents ($0.25) and of the premium of one dollar ($1.00) paid by the insured, and his agreement to continue as a regular reader of the. Oakland Tribune during the life of this policy . . . " It is urged that plaintiff having failed to prove performance by the insured of the promise to continue as a regular reader of the newspaper, no recovery could be had on the policy. The promise, however, related to the future and was not material to the risk, and no declaration to that effect being contained therein a failure to perform would not avoid the policy, nor was proof of such performance a condition precedent to recovery (Civ. Code, secs. 2608, 2611; *Thomas* v. *Northwestern Mutual Life Ins. Co.*, 142 Cal. 79 [75 Pac. 665]).

The trial court made no findings of fact, but concluded from the statement of facts filed that plaintiff was entitled to judgment, which was entered accordingly. That this may be done where the ultimate facts are agreed upon is well settled (*Gregory* v. *Gregory*, 102 Cal. 50 [36 Pac. 364]; *Muller* v. *Rowell*, 110 Cal. 318 [42 Pac. 804]); but here the issue was whether the insured was injured by being struck by the car. This fact was not covered by the stipulation; only the evidentiary facts from which the inference might be drawn being set forth therein. Appellant was, therefore, entitled to a finding on the issue (*Crisman* v. *Lanterman*, 149 Cal. 647 [117 Am. St. Rep. 167, 87 Pac. 89]). However, an appellate court is authorized to make findings in certain cases (Const., art. VI, sec. 4¾; Code Civ. Proc., sec. 956a; *Kirk* v. *Culley*, 202 Cal. 501 [261 Pac. 994]), and the present is one wherein the power may be properly exercised. It was manifestly the conclusion of the trial court that the insured was struck by the car, and the circumstances shown reasonably support such a finding. We therefore find, in accordance with the allegations of the complaint, "that on January 29, 1927, the insured was killed by being struck by a vehicle propelled by electricity."

The judgment is affirmed.

A petition for a rehearing of this cause was denied by the District Court of Appeal on August 3, 1929, and a petition

by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 29, 1929.

All the Justices concurred.