[Civ. No. 8630. Second Appellate District, Division Two.—February 15, 1933.]

In the Matter of the Estate of JOHN CALDWELL, Deceased. H. T. BROWN, Executor, etc., Appellant, v. THERESA M. CALDWELL ALLEN, Respondent.

F. D. Catlin for Appellant.

Frank G. Howe for Respondent.

STEPHENS, J.—John and Theresa M. Caldwell were husband and wife and the parents of Gladys Anna Caldwell. While divorce proceedings were pending the spouses entered into a property agreement purporting to settle all

matters between them but the legal knot of matrimony. The agreement provided that $100 per month should be paid Theresa for the benefit of Gladys Anna during her minority, but in any case not after Gladys Anna's marriage. The agreement contained the following provision: "Said agreement is executed in triplicate, one thereof to be filed in said action now pending for the approval of the Court, and it is agreed that the provisions hereof be incorporated in whatever decree is rendered in said action and the same enforced by said decree." The divorce was granted, but this agreement was never presented to the court and no order respecting property or support of the child was made. The agreement, however, has been executed in every respect and the $100 per month paid up to and including March 1, 1931. John died fourteen days thereafter, leaving a will in which all of his property was willed to his then wife, he having remarried. He mentioned the daughter, leaving her one dollar.

Theresa, as a party to the said agreement, filed a claim for $5,800 against the estate, that being the sum the $100 monthly payments would amount to up to Gladys Anna's majority. The claim was rejected and upon suit therefor this claim was approved. That is, the total for the unpaid and accrued monthly payments was ordered paid and the $100 payments to continue according to the terms of agreement.

The only serious contention of the executor of the will, who is appealing, is that the referred to agreement abated with the death of John Caldwell.

We do not agree with appellant. This agreement was a binding executed contract between the parties. They settled their property interests upon a basis agreeable to both. It was right and proper that their minor daughter should have their consideration and it was determined that the mother should care for her and the father assume an obligation to furnish the mother $100 per month for the child's maintenance and support until she married or became of age, not until he died. This bears no relation to alimony and is to be construed according to the ordinary rules of contracts. In our opinion it continued to be a legal charge against the estate the same as any other unfulfilled contractual obligation of decedent's at the time

of death. The matter of having the agreement incorporated in the divorce decree would affect the manner of enforcement only. It certainly could not be maintained that this obligation would cease upon a dismissal of the divorce case after the property re-adjustment had been made. The effectiveness of this contract would not be changed in any manner by any action relating to the divorce unless the court should have ordered a greater protection for the child's care and maintenance. But this point is not in the case. The opinion in *Newman* v. *Burwell*, 216 Cal. 608 [15 Pac. (2d) 511], cites pertinent authorities and covers the basic principles involved in this case.

Judgment affirmed.

Works, P. J., and Archbald, J., *pro tem.*, concurred.