[Sac. No. 5969. In Bank. Dec. 16, 1949.]

MARY Z. TAYLOR, Appellant, v. MARJORIE GEORGE, as Executrix, etc., Respondent.

Mazzera, Snyder & DeMartini and J. Calvert Snyder for Appellant.

O. C. Parkinson for Respondent.

SHENK, J.—This action was brought on a rejected claim against the estate of Charles E. Williams, deceased. The plaintiff is the former wife of the decedent. The claim was based upon an order in a final decree of divorce directing the husband to pay to the wife $50 per month for the support and maintenance of their minor son during his minority.

The case was heard upon a written stipulation of facts to which were attached a property settlement agreement between the spouses, a deed made by the plaintiff pursuant to the property settlement, the last will and testament of Charles E. Williams, the claim of the plaintiff against the estate and the notice of rejection of claim.

The stipulation and attached exhibits disclose that Charles E. Williams and the plaintiff, then husband and wife, entered into a written property settlement agreement on October 1, 1942, by which they agreed to divide the community property valued at $4,400 equally, and the husband agreed to pay to the wife $50 per month for the support of their minor child, Charles E. Williams, Jr., then aged 7, until the child should die, become self-supporting, attain the age of 21, cease to be in the care of the wife, or until a court should otherwise order. The agreement contained a further provision that insurance policies upon the life of the husband were to be his without restriction, with right to change beneficiary, cash or otherwise dispose of the same.

Thereafter an interlocutory decree of divorce was entered by the superior court in San Joaquin County adjudging that the plaintiff was entitled to a divorce from the decedent; that the custody of the minor child be awarded to the wife and that the decedent pay to the wife the sum of $50 per month for the support of the child until the child should become self-supporting or attain the age of 21. A final decree of divorce containing the same provisions for custody and support of the child was entered on November 8, 1943.

The decedent made all support payments until the date of his death on August 6, 1946. A will executed by the decedent

in May of 1944 was admitted to probate and the order admitting it has become final. The will gave all of the decedent's property to his sister, the defendant Marjorie George, who was named as executrix. The second paragraph of the will provided: "2. I have in mind my said son, Charles E. Williams, Jr., and expressly make no provision for him in this will for the reason that I have in force policies of life insurance upon my own life, in which he is named as Beneficiary, in the amount of $7,000.00, and feel that such provision is, and will be sufficient for his needs so far as any contribution from me is concerned." At the time of his death the insurance on the life of the decedent as to which the son was named beneficiary amounted to $6,176. These policies were transferred to the plaintiff as guardian of the estate of the minor child by the defendant executrix and the plaintiff entered into contracts with the insurers as to the manner of payment to the plaintiff of the proceeds for the benefit of the child.

In due time the plaintiff presented a claim, based upon the divorce decree, to the defendant executrix for $5,500, representing the aggregate of monthly payments of $50 per month for the support of the child from September 1, 1946, to November 1, 1955, the date on which the child will reach his majority. The claim was rejected, whereupon the plaintiff instituted the present action on the claim.

The trial court rendered judgment for the defendant. In view of the stipulation of facts no findings were made. The court's memorandum opinion states, however, that it was the conclusion of the court that the decedent intended the insurance policies to be the means of payment of the sums payable for the support of his minor son as decreed in the divorce action, and that the delivery of those insurance policies to the plaintiff constituted full payment of any liability under the divorce decree.

The plaintiff contends (1) that the trial court should have made findings of the ultimate facts since the stipulation merely set forth evidentiary material, (2) that the provision in the divorce decree requiring the decedent to support his minor child survived the father's death, (3) that the payment of insurance benefits to the minor child did not constitute a satisfaction of the judgment in the divorce action, and (4) that the court could, as prayed in the complaint, impound sufficient funds of the estate to pay for the support of the child during his minority.

The defendant contends (1) that the failure of the trial court to make findings, if error, was not prejudicial; (2) that under section 573, Probate Code, support money cannot be collected in an action against the father's estate where the claim is based upon a divorce decree; and (3) that the trial court correctly held that the decedent intended to satisfy the obligation to the child by means of the insurance proceeds.

■ Ordinarily, the necessity for findings of fact is dispensed with where the case is submitted upon a stipulation of facts. (*Crawford* v. *Imperial Irrigation Dist.,* 200 Cal. 318, 335 [253 P. 726]; *Wixom* v. *Davis,* 198 Cal. 641, 644 [246 P. 1041]; *Muller* v. *Rowell,* 110 Cal. 318 [42 P. 804].) It has been held, however, that where the stipulation sets forth evidentiary material only, it is proper for the trial court to make findings of the ultimate facts. (*Crisman* v. *Lanterman,* 149 Cal. 647, 654 [87 P. 89, 117 Am.St.Rep. 167]; *Zimmerman* v. *Continental Life Ins. Co.,* 99 Cal.App. 723, 727 [279 P. 464]; *Lagar* v. *Erickson,* 13 Cal.App.2d 365 [56 P.2d 1287].)

■ Although all of the evidence in this case was embraced within the stipulation and exhibits attached thereto, it is at least arguable that the ultimate fact of whether the decedent intended to satisfy his obligation of support by means of the insurance benefits was a fact to be found by the trial court. But the failure to make a specific finding on that subject does not require a reversal. The judgment rendered on the stipulated facts in the defendant's favor may be deemed in itself an implied determination of the ultimate fact. (*Stanwood* v. *Carson,* 169 Cal. 640, 646 [147 P. 562].) The written opinion of the trial court, properly included in the record on appeal (rule 5(a), Rules on Appeal), further supports our conclusion on that question.

■ In California the rule is that the obligation of a father to support his minor child which is fixed by divorce decree or property settlement agreement, does not cease upon the father's death, but survives as a charge against his estate. (*Newman* v. *Burwell,* 216 Cal. 608 [15 P.2d 511]; *Estate of Smith,* 200 Cal. 654 [254 P. 567]; *Estate of Caldwell,* 129 Cal.App. 613 [19 P.2d 9].)

■ The defendant argues, however, that only those actions authorized by section 573 of the Probate Code can be brought against the estate, and that an action founded upon a claim for support money directed to be paid in a decree of divorce, is not sanctioned. In other words, the defendant concedes that if the claim presented to her for support had been

based upon the provision for support of the minor child in the property settlement agreement, an action founded upon the contract could be brought upon the rejected claim under section 573 which provides: "Actions for the recovery of any property, real or personal, or for the possession thereof, or to quiet title thereto, or to enforce a lien thereon, or to determine any adverse claim thereon, and all actions founded upon contracts, may be maintained by and against executors and administrators in all cases in which the cause of action whether arising before or after death is one which would not abate upon the death of their respective testators or intestates. . . ." Since the plaintiff rested her claim upon the decree of divorce rather than the prior property settlement, the defendant asserts that no action upon the claim is authorized by the code section.

The contention that an action may be brought against the executor based upon a provision for support of a minor child in a private contract but that no action may be brought when the same provision is embodied in a valid decree of divorce, does not appeal to reason and is not supported by statute or decision.

The final decree of divorce was the judgment of a court in equity. (See *Carroll* v. *Carroll,* 16 Cal.2d 761, 769 [108 P.2d 420], and cases cited therein; Words and Phrases, vol. 11, p. 406.) ▉ Section 732 of the Probate Code provides that a money judgment recovered against the decedent during his lifetime must be filed or presented to the executor or administrator in the same manner as other claims. It is apparent that in enacting section 732 the Legislature contemplated that if the executor rejects a creditor's claim based upon a judgment rendered against the decedent in his lifetime, an action may be brought to establish the validity of the claim, and such has been assumed to be the rule in numerous cases. (*United States Gypsum Co.* v. *Shaffer,* 7 Cal.2d 454 [60 P.2d 998]; *Saunders* v. *Simms,* 183 Cal. 167 [190 P. 806]; *Newman* v. *Burwell, supra,* 216 Cal. 608; *Palace Hotel Co.* v. *Crist,* 6 Cal. App.2d 690 [45 P.2d 415].) ▉ It is also apparent, contrary to the defendant's contention, that section 573 permits such an action. It has been held in this state that a judgment is a contract. (*Jones* v. *Union Oil Co.,* 218 Cal 775, 778 [25 P.2d 5]; *Miller* v. *Murphy,* 186 Cal. 344, 347 [199 P. 525]; *Weaver* v. *San Francisco,* 146 Cal. 728, 732 [81 P. 119].) "An interlocutory judgment of divorce is, therefore, so far

as it determines the rights of the parties, a contract between them." (*London G. & A. Co.* v. *Industrial Acc. Com.*, 181 Cal. 460, 465 [184 P. 864].) The provision of the final decree of divorce in question was a contract which did not cease upon the death of the decedent and an action was maintainable thereon against the defendant executrix under section 573.

■ While the defendant's contention that the plaintiff could not properly bring this action cannot be sustained, there is merit in her claim that the judgment is supported on the ground that the decedent's will when reasonably construed shows that the testator intended to and did fulfill his obligation of support by means of the life insurance policies. No reason appears why the testator could not, by his will, designate the fund out of which his obligations were to be met.

The will declares that the testator feels that the provision he has made for his son by means of life insurance "is and will be sufficient for his needs so far as any contribution from me is concerned." The word "needs" as used in the will may well be deemed synonymous with "support." The further phrase "so far as any contribution from me is concerned" when read in its ordinary sense (Prob. Code, § 106), appears to be a reference to the testator's duty of support, and was undoubtedly intended by him as a complete satisfaction of that duty. It is to be noted that the insurance referred to in the will and paid over to the plaintiff on behalf of the child was $6,176. This was more than sufficient to meet the future payments totalling $5,500, provided for by the decree of divorce. It does not appear in the stipulated facts who the beneficiary of the policies was at the time of the marriage settlement agreement. However, by that agreement the decedent reserved the right to change the beneficiary and cash or otherwise dispose of the policies. The fact that at the testator's death the child was found to be the beneficiary, when considered in the light of the terms of the will, affords a reasonable basis for the conclusion that the provision for insurance was intended as a fulfillment of the obligation of support.

The judgment is affirmed.

Gibson, C. J., Edmonds, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.