[Civ. No. 7167. Fourth Dist. Feb. 28, 1964.]

MARTIN PATRICK KELLY et al., Minors, etc., Plaintiffs and Appellants, v. BANK OF AMERICA NATIONAL TRUST & SAVINGS ASSOCIATION, Defendant and Respondent.

S. L. Kurland and Allan F. Grossman for Plaintiffs and Appellants.

Block, Toler, Bulloch & Biggerstaff and Ralph A. Biggerstaff for Defendants and Respondents.

BROWN (Gerald), J.— This is an action by Mary Louise Kelly and Martin Patrick Kelly, minors, through their guardian *ad litem*, Verna Kelly Johnson, to establish a claim for support against their deceased father's estate. There is no dispute as to the facts. The decedent, Thomas Kelly, died testate on January 9, 1960. He left five children. The plaintiffs are the two children of decedent's more recent marriage and they were aged 6 and 10 at the time of their father's death. The decedent had three other children of an earlier marriage, aged 13, 15 and 17. All of the children reside with their respective mothers. Decedent's net distributable estate will be worth from $150,000 to $170,000, and under the terms of his will the entire estate is given in trust to decedent's five minor children.

Appellants contend: That the estate should be divided in accordance with a schedule based upon the years of minority of each minor child upon the death of the father; that therefore the younger children should receive more of the estate; and that these shares should be paid into individual trusts on behalf of each child. In other words, appellants contend: That the total years of minority of the children are 44; that the appellants have respectively 15 and 11 years of minority; and they are, therefore, entitled to slightly more than one-half of decedent's total estate. The trial court held that the testamentary trust satisfied the decedent's obligation to support and maintain his minor children and it refused to enter a decree sequestering any of the decedent's property to secure the child support payments under the provisions of Probate Code section 953.1.

The parties to this action agree it is the rule in California "that the obligation of a father to support his minor child which is fixed by divorce decree or property settlement agreement, does not cease upon the father's death, but survives as a charge against his estate." (*Taylor* v. *George*, 34 Cal.2d 552, 556 [212 P.2d 505].) The court in the *Taylor* case denied a child's claim based upon a support judgment "on the ground that the decedent's will when reasonably construed shows that the testator intended to and did fulfill his obligation of support. ..." (*Taylor* v. *George, supra*, 34 Cal.2d 552, 558.) The trial court, in the instant case, found: "That decedent satisfied his obligation to support his minor chil-

dren by the provisions therefor contained in his will made for that purpose.''

The trial court's finding is not only supported by the facts, but it is supported by reason and is consistent with the decedent's intent. The estate was quite large. It was left almost in its entirety to the decedent's five children and the trustee was given discretion to adjust distributions to all of the children according to their needs.

In *Jones* v. *Roberts*, 163 Cal.App.2d 89, 95 [329 P.2d 50], the court said: ''While the discretion of the trial court in a proceeding such as the one now engaging our attention [an action to sequester funds from a decedent's estate for the support of a minor child] must not be arbitrary or capricious and must be exercised within reason, it is equally true that an appellate tribunal may not substitute its judgment for that of the court below unless it clearly appears that a case has been made reasonably justifying the conclusion that the questioned finding indicates a lack of ordinary good judgment, and that no reasonable inferences can be drawn from the evidence to support the finding and the judgment predicated thereon.''

The questions presented by the instant case were directed to the equity side of the court (*Jones* v. *Roberts, supra,* 163 Cal.App.2d 89, 94), and the answers thereto lie within the sound discretion of that court. We find no abuse of that discretion.

Judgment affirmed.

Griffin, P. J., and Coughlin, J., concurred.