Guanadine Bates HUTCHINGS, Individually and as Independent Executrix of the Estate of Warren David Bates, et vir, Appellants,

v.

Geraldine BATES, Individually and as next friend of Sharon Anne Bates and Linda Lou Bates, Minors, Appellees.

No. 64.

Court of Civil Appeals of Texas.

Corpus Christi.

July 29, 1965.

Rehearing Denied Aug. 26, 1965.

Ben H. Schleider, Jr., Herbert W. Boerstler, W. Harold Sellers, and Dillingham & Schleider, Houston, for appellants.

Barrow, Bland, Rehmet & Singleton, R. F. Wheless, Jr., Houston, for appellees.

NYE, Justice.

This is a suit to recover child support payments allegedly due by and under a contract, brought by the divorced former wife of Warren David Bates, deceased, against his independent executrix, individually and in her representative capacity. The suit was brought by the appellee, individually, and as next friend of her two minor daughters, Sharon Anne Bates, born June 21, 1945, and Linda Lou Bates, born June 28, 1947. Sometime after a divorce between appellee and said decedent, the decedent married the appellant herein and on October 4, 1957, made his will in favor of appellant as sole beneficiary, there being no children of decedent's second marriage. Such will was duly probated in Harris County, Texas, where appellant was appointed independent executrix and was still acting in such capacity at the time this suit was brought.

This suit was brought in the district court of Harris County, Texas, which was not the same court that heard the divorce action between Geraldine Bates and Warren David Bates in 1949.

A property settlement agreement, quite lengthy in its terms, was entered into by and between Warren David Bates and his wife, the appellee, on October 10, 1949, providing for child support payments of $150.00 per month until the elder of the two daughters should attain the age of eighteen years, and then to be reduced to $100.00 monthly until the younger daughter attained such age. These parents were divorced on September 19, 1949, and by reference, and in certain specific portions the decree thereafter entered confirmed and adopted the settlement agreement. The decedent father faithfully kept the payments for his daughters' support paid until his death on July 2, 1960, after which time no further payments were made by appellant as executrix of his estate, or otherwise.

The settlement agreement provided further, that payments of $50.00 per month be paid by Bates to appellee until his younger child attained the age of eighteen years, which payments were in relinquishment of appellee's homestead rights and in further settlement of her property rights. These payments were likewise paid by such decedent until his death, but none were thereafter paid from decedent's estate.

The settlement agreement also made certain provisions for payment of medical or dental expenses and decedent paid premiums during his lifetime on two small life insurance policies in favor of his two minor daughters.

The appellee brought suit to recover under the property settlement agreement and subsequently filed a motion for summary judgment. The suit and motion were answered by appellants. The trial court entered summary judgment in favor of the appellee for support payments then due, and also for anticipatory sums to equal the payments provided in the agreement, all in the sum of $7437.81. Upon agreement of the parties, further hearing held March 4, 1963, on a claim for dental expenses, further judgment was entered in the sum

of $1210.00. All sums including the separate recovery of appellee individually were included in one final decree.

Appellant and appellee, upon permission granted, filed post submission briefs and certain reply briefs. It is the decision of this Court that such briefs and counter briefs have not changed or enlarged the issues as presented by the record, although diligence of counsel in preparing and filing them is commendatory.

The issue in this case revolved itself around a single question of law presented by the pleadings and motion for summary judgment filed by the appellee and sustained by the trial court. This question is: whether or not a decedent's estate can be held liable for amounts accruing after his death by virtue of a written agreement for child support payments, medical expense and specific and limited installment payments for renunciation and homestead rights.

Both of the parties litigant admit that at common law, the estate of the deceased father is not liable for support payments to his children in the absence of an agreement. "In the absence of an agreement, the father's duty to furnish support of his children ordinarily ceases on his death." 67 C.J.S. Parent and Child § 15, p. 691. This rule is similarly recognized in other texts. See 39 Am.Jur. 648, § 40, Parent and Child. There is no disagreement between the parties concerning the common law rule. (Article 1, Vernon's Ann.Tex.Civ.St., provides that "The common law of England, so far as it is not inconsistent with the Constitution and laws of this State, shall together with such Constitution and laws, be the rule of decision, and shall continue in force until altered or repealed by the Legislature.") The Legislature has seen fit to change this rule only to the extent of obligating the father's estate for support of his children by providing for a family allowance. See Texas Probate Code, §§ 286–293, V.A.T.S. This code however is not involved here.

The issues, therefore, frame themselves around the common-law rule as the same may have relation in view of the written settlement agreement.

It seems to us that when a husband and wife who are faced with divorce in a pending action, undertake their solemn written agreement to stipulate and set forth the terms of their property settlement, and the obligation of the husband and father as to support payments for the little children, issues of such marriage, they do so impressed with the most poignant emotions and directed by the most solicitous of responsibilities. Agreements in writing, made under these circumstances, therefore, appear to import a quality of good faith and sincerity not always present in agreements, generally. The true interests of the parties speak persuasively from the four corners of such agreements.

Warren David Bates and his wife Geraldine Bates unfortunately had reached the end of their domestic partnership. They found themselves in a divorce action; they knew some provisions ought to be made for the future welfare of their two small daughters, Sharon Anne, then age four years, and Linda Lou, age two years. Wisely, they considered that a settlement should be made to divide up the property and the homestead rights accumulated during the marriage. The agreement was signed, approved by the trial court, and made a part of the divorce decree.

Warren David Bates later on married the appellant Guanadine Bates. Some three years before his death, he wrote his will, making the appellant his sole beneficiary. For approximately eleven years, and until his death in 1960, Warren David Bates made faithful payments of his agreed obligations. When Guanadine Bates, his second wife, and appellant herein, declined to continue such payments from the estate of Warren David Bates, as independent executrix thereof, this suit followed. Appellee's motion for summary judgment was

rendered against the appellant, who perfected proper appeal to this Court.

Appellant contends that as a matter of law the estate of a deceased parent is not liable for support of the minor children after the death of the parent, and the only possible way of holding the estate liable would be a provision in the property settlement agreement and decree providing for such binding effect. Appellant points out that such provisions are clearly absent from the settlement agreement and divorce decree here, because they do not state that such contract and decree are "binding on the heirs, personal representatives, executors and administrators." Appellant argues that the absence of such quoted phrase clearly manifests the intention of the decedent that he considered the agreement to be a personal one, that ceased at the time of his death.

Both parties concede, and our search confirms, that this question has not been passed on in Texas. Schultze v. Schultze, Civ., 66 S.W. 56, affirmed 95 Tex. 352, 67 S.W. 401, was decided on materially different factual circumstances from this case, but that court expressly left open the question involved in this litigation.

It is axiomatic that a testamentary gift of decedent's estate passes to the devisee, subject to all debts and obligations of the deceased. The type of contractual obligations involved herein is binding on the estate as can be seen by the authorities from other states.

In the case of In re Caldwell's Estate, 129 Cal.App. 613, 19 P.2d 9, the husband and wife, in contemplation of a divorce, entered into an agreement whereby the husband agreed to pay the wife $100.00 per month for the support of their child during minority. The agreement was never approved by the divorce court or put in the decree. Later, the husband executed a will, leaving all of his property to a new wife. After the husband died, the first wife sued his estate for all payments which were accrued and

unpaid and all payments which were to accrue under the agreement on theory of anticipatory breach. The defendant claimed that the agreement abated with the death of the father, but the court allowed the plaintiff to recover and held as follows:

" * * * This agreement was a binding executed contract between the parties. They settled their property interest upon a basis agreeable to both. It was right and proper that their minor daughter should have their consideration, and it was determined that the mother should care for her and the father assume an obligation to furnish the mother $100 per month for the child's maintenance and support until she married or became of age, not until he died. This bears no relation to alimony and is to be construed according to the ordinary rules of contracts. In our opinion it continued to be a legal charge against the estate the same as any other unfulfilled contractual obligation of decedent's at the time of death."

See also the following cases from other jurisdictions that give weight to our holding herein. Ramsey v. Sims, (1952), 209 Ga. 228, 71 S.E.2d 639; Stone v. Bayley, (1913), 75 Wash. 184, 134 P. 820, In re: Fessman's Estate (citing Huffman v. Huffman and Stumpf's Appeal), (1956), 386 Pa. 447, 126 A.2d 676. See 18 A.L.R. § 1126–1141 and later case service. See particularly Newman v. Burwell, (1932), 216 Cal. 608, 15 P.2d 511 opinion by Supreme Court of California which was relied on in the "In Re Caldwell's Estate" case, supra; Silberman v. Brown (Ct. of Common Pleas, Ohio, 1946), 72 N.E.2d 267; Smith v. Funk, (1930), 141 Okl. 188, 284 P. 638; Minnehaha County, ex rel. Willadsen v. Willadsen, (1943), 69 S.D. 412, 11 N.W.2d 59; Simpson v. Simpson, (Fla.App.), 1959), 108 So.2d 632. See also the opinion in Edelman v. Edelman, (1949), 65 Wyo. 271, 199 P.2d 840; 203 P.2d 952.

Some contention is made that should appellee's position be upheld, it

would operate to destroy the prerogative of Warren David Bates to bequeath and devise his estate by will to persons other than his children. Not so! No such testamentary power can ever be recognized to impair a contract made by a decedent that imposes an obligation that survives such decedent. A gift by will can never supervene to be preferred over a decedent's debt. Citation does not appear necessary in support of this familiar premise.

Appellant contends that to allow this claim of his children against his estate would be to provide for a lien after the death of the decedent. We hold that the decedent's children claiming under a valid contract, are no less creditors of their father's estate than a creditor who is not a child of the decedent. Gessler v. Gessler, 273 F.2d 302, (5th Cir. 1959); Simpson v. Simpson, supra.

■ Argument is adduced that the agreement fails to affirmatively provide that its obligatory provisions should be binding on the promissor's estate. We prefer to consider that the converse of this situation should attest the father's intention. He did not have his agreement provide that his obligations should cease if his death should occur before such obligation became liquidated. He knew he was mortal and that his death could intervene before his small daughters should attain ages of eighteen years, but he did not qualify his agreement to terminate the payments should he not survive.

To hold that because this father (and husband) did not make his agreement binding upon his heirs, executors and administrators is fatal to the appellee's position and that such omissions terminate the obligation upon death, although prior to the eighteenth birthday of his younger daughter, is in reality to change the agreement itself by judicial decree.

■ Appellant argues that the $50.00 payment provided for by the separation agreement which were to continue "until the younger of the said two minor children reached the age of 18 years, or until Geraldine shall remarry, whichever shall first occur" were alimony payments and therefore void under Texas law. In the separation agreement, Warren David Bates valued the homestead apartment rental value at $50.00 per month. This was his separate property. This payment, as stated in the agreement, was in lieu of appellee's homestead rights and in further settlement of the property rights between the parties to the agreement. The divorce court may well have set aside and awarded to appellee (absent the property settlement agreement) the use of the homestead for the balance of her life, or upon such other reasonable terms. 20 Tex.Jur.2d § 205. The subject contract terms were compatible with appellee's rights in the property and she should be allowed to recover the amount agreed upon and approved by the original trial court.

■ Appellant, in point number one, complains that the trial court erroneously granted the summary judgment and judgment for dental expense. This point is overruled for the reason that such expense was contracted to be paid by the terms of the property settlement agreement. In our view, the promise to pay this expense was not a personal promise dependant upon the promissor's continued life, but a straightforward agreement to pay a dental expense when it should occur on or before attainment of the age of eighteen years by the younger child. See 17 C.J.S. Contracts § 465. The mere promise to pay money is not considered impossible of performance by death of the debtor. If the contract does not require the personal performance of the decedent, the executrix is bound by the contract. Neyland v. Brammer, Tex.Civ.App., 73 S.W.2d 884, error dism. (1933); 12 Am. Jur. § 375, p. 950; 13 Tex.Jur.2d, Contracts, § 323; Corbin on Contracts, Vol. 6, § 1334, p. 377. At Common Law, the general rule is that a cause of action founded on a con-

tract survives the death of either party. 1 C.J.S. Abatement and Revival, § 137, p. 184; State v. Stone, Tex.Civ.App., 271 S.W.2d 741 (1954). Appellant's point one is overruled.

Appellant, in points of error two to five inclusive, complains of the granting of the summary judgment, and lays much stress upon the refusal of the trial court to allow the appellant to introduce testimony as to statements made by the decedent, Warren David Bates, in the years following the execution of the agreement as to various things he intended to accomplish by such agreement.

Appellant's affidavit, offered in opposition to the motion for summary judgment, stated, that many times she discussed with the deceased his obligations toward his minor children, the contents of his will, and other matters concerning the support of his minor children. Appellant contends that the written agreement is ambiguous and that such statements are explanatory and raise genuine fact issues that should be determined at a full trial on the merits.

The learned trial judge wisely declined to open the parol evidence rule to admit testimony to vary the written property settlement agreement. Other statements by appellant pertaining to payment of proceeds of insurance policies to the minors, was hearsay. We hold that the agreement was not ambiguous. The statements were not admissible and, therefore, insufficient to raise any fact issue. 4 McDonald on Civil Practice, 1390, § 17.26 and cases cited. Likewise, there was a commendable refusal to allow quotations from the lips of the decedent who could not be present to refute or submit to cross-examination. Art. 3716, V.A.T.S. The execution of the agreement is not denied, nor is it attacked by the appellant as having been obtained contrary to free will and in the capacity of being sui

juris. Appellant's points two to five are overruled.

The appellant complains that the trial court erred in attempting to modify and increase in effect the support obligation of decedent after his death, contending that only the court in which the original decree was entered, had jurisdiction. The judgment for the appellee was for the entire amount due and to become due under the provisions of the property settlement agreement. The suit was one for debt against the independent executrix and was based upon the written contract of the decedent. It is true as appellant contends that a property settlement agreement which disposes of the community estate when incorporated in a divorce decree merges into the final judgment therein. Adams v. Adams, Tex.Civ.App., 214 S.W.2d 856, wr. ref. n.r.e. To that extent the decree becomes a valid binding judgment on the parties thereto. The decree respecting child support payments, is not a personal or final judgment binding on the parties, because the court can change the decree as to such child support payments upon proper motion, notice and hearing. Gully v. Gully, Tex.Civ. App., 1915, 173 S.W. 1178. However, this is not so as respects a written agreement respecting child support. This suit and the judgment is based upon the written agreement of the decedent to pay the support of his minor children. We cannot agree that the so-called merger that took place upon approval of the agreement in the decree of divorce supplanted or altered the obligation of the contract. Smith v. Blanton, Tex. Civ.App., 240 S.W. 651. See also Newman v. Burwell, supra; Snipes v. Snipes, Tex. Civ.App., 174 S.W.2d 741. We are therefore constrained to hold that appellant's point of error number six should be and it is hereby overruled.

The decision of the trial court is hereby affirmed.