Charles Edward COOPER, Jr., Appellant,

v.

Jeannette J. Cooper DALTON, Appellee.

No. 1397.

Court of Civil Appeals of Texas,
Corpus Christi.

April 19, 1979.

Earle S. Lilly, Lilly, Hamilton, Segelke & Short, Houston, for appellant.

James A. Bouligny, Duckett, Bouligny & Collins, El Campo, for appellee.

OPINION

NYE, Chief Justice.

Plaintiff, the former wife of the defendant, brought suit to obtain a judgment based on the defaulted provisions of a property settlement agreement heretofore entered into between the parties. The trial

court rendered judgment in money damages for the plaintiff, from which the defendant appeals.

In February of 1977, the parties entered into an extensive property settlement agreement dividing their community property; providing for the assumption of certain indebtednesses by the defendant husband; requiring the defendant to pay to the wife $400.00 per month for 132 months support payments; and a number of other matters relating to their marriage, child support, and specific property division not relevant to this appeal. The defendant husband defaulted in several of the enumerated obligations in the predivorce settlement agreement. His default is the subject matter of this present suit. On appeal the defendant complains of the requirement to make monthly support payments contending that they are, in effect, alimony and, therefore, violate public policy and are void. His second complaint concerns a debt owed to a department store which he contends makes him subject to a double liability for the same debt.

The property settlement agreement and conservatorship agreement executed by the parties prior to the granting of the divorce was subsequently approved by the Domestic Relations Court of Wharton County upon the granting of the divorce February 21, 1977. The court said:

"IT IS DECREED that the agreement of Petitioner and Respondent for the division of their estate be and is approved and incorporated into this decree by reference as if it were recited herein verbatim."

The agreement stated in part:

"The parties stipulate that they have attempted to divide their marital property in a manner which is 'just and right' and 'with due regard to the rights of each party and the children of the marriage.' Further, the parties believe that such standards are best met by equal division and partition of the marital property in existence at the date of this Agreement, and stipulate that they have attempted to divide all marital property equally."

At another point in the agreement, there appears the following provision which appellant contends is alimony:

"Husband agrees and contracts to pay to Wife for her future support and maintenance, and out of his future earnings or income, a sum of $400.00 per month for a period of 132 months."

The defendant was an optician and owned an optometry practice in Wharton and Bay City, Texas.

■ The appellant contends that for a Texas court to award permanent alimony for the support of a divorced wife would contradict public policy and, therefore, such awards are not authorized. Citing *McElreath v. McElreath*, 162 Tex. 190, 345 S.W.2d 722 (1961); *McBride v. McBride*, 256 S.W.2d 250 (Tex.Civ.App.—Austin 1953, no writ); *Benedict v. Benedict*, 542 S.W.2d 692 (Tex.Civ.App.—Fort Worth 1976, writ dism'd).

Our Supreme Court in *Francis v. Francis*, 412 S.W.2d 29 (Tex.Sup.1967), laid to rest the very problem presented by this appeal. There, the Supreme Court reviewed court-ordered alimony decrees from a number of out of state jurisdictions and compared them with court-approved agreements between the parties. The court said that: "[A]limony is an allowance for support and sustenance of the wife, periodic or in gross, which *a court orders a husband to pay*." (Emphasis supplied). If the parties enter into an agreement by which one of the parties is obligated to pay maintenance to the other party and the divorce court adopts the agreement as the court's judgment and orders such payments to be made, the same would be alimony. If the court merely approves the agreement, even though the same may be incorporated into the decree by reference, it would not be alimony violative of Texas public policy. The Supreme Court said:

". . . it follows that obligations assumed by the husband in separation agreements or contracts to make payments for the support of the wife after a divorce decree becomes final, are not obligations to pay alimony and do not violate the public policy of this State."

We find that the property settlement and child support agreement was entered into by and between the parties prior to the final divorce. It was subsequently approved by the Domestic Relations Court. The decree of the court did not order the defendant to make the support payments to his former wife. The agreement related only to the existing property between the parties and was not subject to court control or modification. For instance, the agreement provided for the obligation to be charged against the estate of the husband in the event that he died prior to the satisfaction of the contractual obligations contained therein. It is obvious that the contract was not personal and was not dependent upon the defendant's life. See *Hutchings v. Bates*, 393 S.W.2d 338 (Tex.Civ.App. —Corpus Christi 1965), affirmed 406 S.W.2d 419 (Tex.Sup.1966). It is obvious that the present intent of the parties was that such agreement was not subject to court control by this very suit in which the former wife sought enforcement. She did not seek a contempt order for the failure of the husband to make such payments, but sought only a judgment for the amount that the defendant was in default under the contract obligation.

■ The court is required to order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party and the children of the marriage. Tex.Family Code Ann., Sec. 363 (1975). It is not the purpose of our family law to prohibit the parties from entering into amicable division and settlement arrangement of their property.

"It seems to us that when a husband and wife who are faced with divorce in a pending action, undertake their solemn written agreement to stipulate and set forth the terms of their property settlement, and the obligation of the husband and father as to support payments for the little children, issues of such marriage, they do so impressed with the most poignant emotions and directed by the most solicitous of responsibilities. Agreements in writing, made under these circumstances, therefore, appear to import a quality of good faith and sincerity not always present in agreements, generally. The true interests of the parties speak persuasively from the four corners of such agreements." *Hutchings v. Bates*, 393 S.W.2d 338, 341 (Tex.Civ.App.—Corpus Christi 1965), affirmed 406 S.W.2d 419 (Tex.Sup.1966).

The settlement arrangement that the parties here made should be encouraged and not discouraged. *Francis v. Francis*, supra. Appellant's first point of error is overruled.

In the property settlement agreement which was adopted and approved in the divorce decree, the defendant was obligated to be responsible for all the debts of the community which were incurred prior to December 2, 1976. One of such debts was an obligation for a television set at Foley's Department Store. When the defendant failed to pay this obligation, Foley's sued the plaintiff and obtained a judgment against her for which she has made partial payment. In this suit against the defendant, for damages caused by the breach of the property settlement agreement, one of the items sued for was an amount of money equal to the judgment obtained by Foley's against her. The defendant contends that since he was originally obligated to pay this debt under the original contract and property settlement agreement, to again make him liable in this judgment for the same debt would render him subject to a double liability on the same debt. This point of error has no merit.

■ It is true that the obligation to Foley's was once the defendant's. It is now the plaintiff's and the defendant's joint obligation by virtue of Foley's judgment against the plaintiff. If the defendant retires the obligation to Foley's by virtue of the property settlement agreement, then this judgment will be satisfied subject only to the $100.00 payment that plaintiff has made on the judgment to Foley's. If the defendant pays the plaintiff the amount of the judgment as ordered in this suit and she fails to retire the Foley judgment against

her (as the Defendant fears), and Foley's seeks judgment thereafter against the defendant (a very unlikely situation), he would certainly be entitled to an offset against any moneys ordered paid to the plaintiff in this judgment or on his contractual obligation for support. We are convinced that the proper solution would be for the defendant to make the plaintiff and Foley's joint payees on any check he uses to retire the Foley obligation. He would thus protect himself from any double obligation.

The judgment of the trial court is AFFIRMED.