Filed 9/16/15  Placencia v. Mooney CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| STEVEN PLACENCIA,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DENISE MOONEY,<br><br>    Defendant and Appellant. | 2d Civil No. B254131<br>(Super. Ct. No. D355151)<br>(Ventura County) |

Steven Placencia (father) and Denise Mooney (mother) are the parents of a son born in February 2009.  The parties never married.  Mother appeals from a judgment determining child custody, visitation, and child support.  We affirm.

*Factual and Procedural Background*

The parties lived together from son's birth until February 2013, when mother moved out of the family home.  Father has two older children and mother has one older child from different relationships.

In February 2013 father filed a petition to establish a parental relationship with son.  He requested legal and physical custody.  On May 7, 2013, the parties signed a mediated agreement on custody and visitation (not child support).  The court approved the agreement.  The parties were unable to agree on all matters concerning custody and visitation.

After a trial at which both parties and a mediator testified, the court issued a judgment awarding the parties joint legal custody. Using the DissoMaster computer program, the court determined that father's guideline child support obligation is $157 per month. It deviated from the guideline amount and ordered father to pay support of $100 per month. The court ordered that father is entitled to claim son as a dependent for tax purposes.

### *The Appeal Survives Father's Death*

On May 27, 2015, father's counsel filed a letter informing us that his client had died on April 29, 2015. Father's counsel stated: "I wanted to bring this to the court's attention so that a determination can be made as to whether or not the appeal will survive" father's death.

On June 11, 2015, we sent a letter to counsel for both parties in which we stated: "Custody and visitation issues are obviously rendered moot by [father's] death. . . . It appears that the appeal survives as to the child support issues: 'In California the rule is that the obligation of a father to support his minor child which is fixed by divorce decree or property settlement agreement, does not cease upon the father's death, but survives as a charge against his estate. [Citations.]' (*Taylor v. George* (1949) 34 Cal.2d 552, 556; accord, *In re Marriage of Perry* (1997) 58 Cal.App.4th 1104, 1106.) If you believe that any issues other than custody and visitation are rendered moot by [father's] death, you have until July 2, 2015, to serve and file a supplemental letter brief explaining why this is so." Neither party responded to our letter.

"[W]e have not received any request to . . . effect a substitution[] in light of [father's] death. Under these circumstances, we have retained the original title of the case." (*Konig v. Fair Employment and Housing Com'n* (2002) 28 Cal.4th 743, 746, fn. 3; see Code Civ. Proc., § 377.41 ["On motion, the court shall allow a pending action or proceeding against the decedent that does not abate to be continued against the decedent's personal representative . . . ."]; Cal. Rules of Court, rule 8.36(a)

2

["Substitution of parties in an appeal . . . must be made by serving and filing a motion in the reviewing court"].)

*Absence of Court Reporter*

Mother contends that the trial court "erred by denying [her] request to have a court reporter for her final Paternity Trial." The contention is forfeited because she fails to cite, and the record does not support her claim that she requested a court reporter. (*In re Marriage of Falcone and Fyke* (2012) 203 Cal.App.4th 964, 978.)

Furthermore, mother's contention is forfeited because it is unsupported by meaningful legal analysis with citation to supporting authority. " 'A judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown.' " (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) "To demonstrate error, appellant must present meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error. [Citations.]" (*In re S.C.* (2006) 138 Cal.App.4th 396, 408.) "When an issue is unsupported by pertinent or cognizable legal argument it may be deemed abandoned and discussion by the reviewing court is unnecessary. [Citations.]" (*Landry v. Berryessa Union School Dist.* (1995) 39 Cal.App.4th 691, 699-700.)

The only authority cited by mother is the following portion of Ventura County Superior Court rule 18.00(D): "Reporting services are not available for the following proceedings: . . . All Family Law matters, except . . . those hearings involving . . . the Department of Child Support Services." Mother has not shown that the Ventura County Department of Child Support Services was involved in the instant case.

The unavailability of reporting services did not mean that mother was required to go to trial without a reporter. Ventura County Superior Court rule 18.00(D) provides that, despite this unavailability, "the court in its discretion may order . . . the . . . proceedings be reported by a court reporter from the Reporting Services section, if deemed appropriate." Moreover, pursuant to rule 2.956(c) of the California Rules of

3

Court, "a party may arrange for the presence of a certified shorthand reporter to serve as an official pro tempore reporter" if the services of an official court reporter are not available.  (*Ibid*.)

*Calculation of Guideline Child Support*

The trial court's DissoMaster calculation shows guideline child support of $157 per month payable by father.  Relying on father's DissoMaster calculation, mother contends that the guideline amount should have been at least $258 per month.  Father's and the court's DissoMaster entries are different.  Father's DissoMaster report shows wages of $3,250 for father and $1,092 for mother, health insurance premiums of $72 for father and $100 for mother, a hardship deduction of $517 for father and $258 for mother, two federal exemptions for mother, and three for father.  The court's DissoMaster report shows wages of $3,250 for father and $1,485 for mother, health insurance premiums of $72 for father and none for mother, a hardship deduction of $314 for father and $157 for mother, three federal exemptions for mother, and three for father.

Because there is no reporter's transcript of the trial, it is conclusively presumed that the court's DissoMaster entries are correct.  "Where no reporter's transcript has been provided and no error is apparent on the face of the existing appellate record, the judgment must be *conclusively presumed correct* as to *all evidentiary matters.*  To put it another way, it is presumed that the unreported trial testimony would demonstrate the absence of error. [Citation.]  The effect of this rule is that an appellant who attacks a judgment but supplies no reporter's transcript will be precluded from raising an argument as to the sufficiency of the evidence. [Citations.]"  (*In re Estate of Fain* (1999) 75 Cal.App.4th 973, 992.)

In any event, mother forfeited her claim that the trial court's DissoMaster entries were erroneous because the record does not show that she made this claim in the trial court.  (*In re Marriage of Hinman* (1997) 55 Cal.App.4th 988, 1001-1002 [wife waived right to challenge the number of federal exemptions attributed to

4

husband because she failed to raise the issue in the trial court]; *In re Marriage of Whealon* (1997) 53 Cal.App.4th 132, 143-144 ["For better or worse, California child support law now resembles determinate sentencing in the criminal law: The actual calculation required of the trial judge has been made been so complicated . . . that, to conserve judicial resources, any errors must be brought to the trial court's attention at the trial level while the error can still be expeditiously corrected"].)

*Deviation from Guideline Child Support*

Family Code section 4056, subdivision (a)(2) provides that "the court shall state, in writing or on the record," the reasons why the "amount of [child] support ordered differs from the guideline formula amount."  Mother contends that the trial court "erred in deviating from the guidelines without stating a justification or exemption on the record for doing so as required."  Because there is no reporter's transcript, mother's contention fails.  Where, as here, " 'the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed.'  [Citations.]"  (*Gee v. American Realty & Construction, Inc.* (2002) 99 Cal.App.4th 1412, 1416.)

*Retroactive Child Support*

The court ordered father to pay child support of $100 per month commencing on June 1, 2013.  Mother argues that "guideline support should have been made retroactive to February 14 or 15, 2013."  The argument is forfeited for two reasons. First, it is not preceded by an appropriate heading or subheading.  The California Rules of Court require that a brief "[s]tate each point under a separate heading or subheading summarizing the point . . . ."  (Rule 8.204(a)(1)(B).)  "The failure to head an argument as required by California Rules of Court, rule [8.204(a)(1)(B)] constitutes a waiver. [Citations.]"  (*Opdyk v. California Horse Racing Board* (1995) 34 Cal.App.4th 1826, 1830, fn. 4.)  Second, mother has failed to "present meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error."  (*In re S.C.*, *supra*, 138 Cal.App.4th 396, 408.)

*Mediation*

Mother contends that the trial court erroneously "failed to call for a recommendation from a mediator after the agreed to mediation terms were dissolved at trial." The only mediated agreement in the record is an agreement for custody and visitation that was signed by the parties and approved by the court on May 7, 2013. Issues of custody and visitation are rendered moot by father's death. In any event, the terms of the mediated agreement were not dissolved at trial. The trial court's minutes show that the court adopted the agreement and ordered that it be incorporated into the judgment.

*Disposition*

The judgment is affirmed. Father shall recover his costs on appeal.

NOT TO BE PUBLISHED.


YEGAN, J.


We concur:


GILBERT, P. J.


PERREN, J.

6

William Q. Liebmann, Judge

Superior Court County of Ventura

_____

Ernest Calhoon, for Defendant and Appellant.

L. Paul Zahn, for Plaintiff and Respondent.