[Civ. No. 960. Fourth Appellate District.—August 1, 1933.]

J. B. ROBINSON, Appellant, v. EL CENTRO GRAIN COMPANY (a Corporation) et al., Respondents.

Louis Farrari, T. J. Bricca, C. H. White and Gray, Cary, Ames & Driscoll for Appellant.

Harry W. Horton and Lawrence H. Smith for Respondents.

MARKS, J.—Appellant is the assignee for the purpose of collection of a promissory note in the principal sum of $16,000 and given by the El Centro Grain Company to the Southern Trust and Commerce Bank, a San Diego bank. This note was secured by a deed of trust on real property and a chattel mortgage and bore on its face the signatures of S. T. Marshall and Harry W. Horton. It also bore a written guarantee of payment signed by Harry W. Horton, Arthur C. Rath, S. T. Marshall, C. W. Horton, J. M. Lathrop, and C. G. Wulff. Prior to the arising of the issues presented here the Bank of Italy National Trust and Savings Association had succeeded to the interest of the Southern Trust and Commerce Bank.

The complaint in this action, after alleging the corporate existence of the two banks, the execution, indorsement, delivery and assignments of the note, makes the further allegation that the security for the note had been exhausted and that its principal sum had been partially paid. Judgment was sought against the makers and indorsers for the deficiency remaining, together with interest and attorneys' fees.

The trial of this action was commenced on April 27, 1931. Findings of fact and conclusions of law and the judgment were filed July 1, 1931. The last trial day was May 14, 1931. The original answers of the defendants are not in the record. On May 5, 1931, over the strenuous objection of appellant, defendants were permitted to file amended answers. These set up what counsel admit were new defenses consisting of allegations of diversion of certain of the funds secured by the note from the purposes for which they were intended; a change in the due date of the note by substituting "Three Years" for "One Year" after date; and that the security had not been exhausted. When the amended answers were filed counsel moved the court for a continuance of the trial until after the decision of the case of *El Centro Grain Co.* v. *Bank of Italy National Trust & Sav. Assn.*, 123 Cal. App. 564 [11 Pac. (2d) 650], upon the ground that when the judgment in that case became final it would adjudicate the issues raised by the first two special defenses. This motion was denied, as was a motion to strike out these defenses, and the case proceeded to judgment. The trial court's findings sustained all of the special defenses set up in the amended answers and judgment for respondents followed.

One principal question which is presented by this appeal appears to us to be controlling and worthy of very careful consideration, namely, did the trial court abuse its discretion in refusing a continuance until after a decision of *El Centro Grain Co.* v. *Bank of Italy, etc., supra,* and the judgment in that case had become final? We have neither discovered a case from the courts of this state nor been cited to one directly deciding the question under facts similar to those before us.

In approaching this question it is necessary that we summarize the issues of the case of *El Centro Grain Co.* v. *Bank of Italy, etc., supra,* in considerably greater detail than they are set forth in the published opinion. El Centro Grain Company, Harry W. Horton, Julia Horton, S. T. Marshall, Louise Marshall, A. C. Rath, C. G. Wulff and J. M. Lathrop instituted their action in the superior court of Imperial County against Bank of Italy National Trust and Savings Association and others. The action as to the other defendants was later dismissed. It was alleged that the plaintiffs

were the owners of real property in Imperial County; that the El Centro Grain Company executed to the Southern Trust and Commerce Bank its promissory note in the principal sum of $16,000, dated October 5, 1928 (an evident typographical error; it should have been 1922), due and payable November 14, 1925, with interest at seven per cent per annum; that the plaintiffs executed the chattel mortgage and deed of trust on the above-mentioned real property to secure the payment of the note; that certain facts were alleged which entitled plaintiffs to credits on the indebtedness, the exact amount being unknown to them; "that it is necessary that an accounting be had between the plaintiffs and said defendant banks in order to ascertain the true and exact amount that may be actually due, owing and unpaid from the plaintiffs to the said defendant banks; that the plaintiffs allege and state that the said defendants claim that there is due from the plaintiffs a sum which is in truth and fact from $2500.00 to $3500.00 in excess of the amounts actually due or owing or unpaid"; that on April 19, 1928, the defendant Bank of Italy National Trust and Savings Association caused the trustee named in the deed of trust to file a notice of default; that a notice of sale was published fixing the sale of the property for August 17, 1928, and that the sale would take place unless restrained by court; that the defendants claimed there would be due on the note $17,165.10 on the date of sale while there would not have been more than $14,750 actually then due; "that the plaintiffs herein are willing and desirous and able to pay the true amount that is due to the defendants or any of them upon said promissory note". An accounting was sought to determine the amount actually due on the note and an order was issued temporarily restraining the sale.

The Bank of Italy answered, alleging execution of the deed of trust, chattel mortgage and note, and setting forth exact copies of the instruments, together with a copy of the written guarantee of the note. The copy of the note plead was due "three years after date". No plaintiff filed any affidavit denying the genuineness or due execution of any of the instruments.

The parties submitted an agreed statement of facts in which the following appears: "That on the 14th day of November, 1922, the plaintiffs, El Centro Grain Company,

a corporation, Harry W. Horton and S. T. Marshall, executed to the defendant Southern Trust and Commerce Bank, a corporation, its certain promissory note in writing in the words and figures following, to-wit:'' (Here follows a copy of the note as plead in the answer due ''three years after date''.) ''The payments of said note were, at the time of its execution, and delivery, guaranteed by the following named plaintiffs and persons, in the words and figures following, to-wit: 'We hereby guarantee payment of the within note, or any renewal, or extension thereof, and all expense of collection thereof, and waive demand, presentment for payment, protest and notice of protest, and consent that the time for payment may be extended without notice to Harry W. Horton, S. T. Marshall, J. M. Lathrop, Arthur C. Rath, C. W. Horton, C. G. Wulff.' '' This agreed statement of facts concluded: ''On November 14, 1925, the date of maturity of the note, all of said sum of $16,000.00, had been expended, except the sum of $223.95, for which plaintiff was entitled to credit on not later than said 14th day of November, 1925. That on November 24, 1925, a rebate was received by the Southern Trust and Commerce Bank, a corporation, for which plaintiffs are entitled to a credit of One Hundred Ninety-seven and 35/100 ($197.35.) Dollars as of that date. That the only issue to be decided in this case is as to the amount due on said note of Sixteen Thousand ($16,000.00) Dollars, and advances made by the Southern Trust and Commerce Bank and Bank of Italy National Trust and Savings Association, together with interest and the relief the respective parties are entitled to, but the question of accounting is stated herein as to the respective amounts to be debited and credited to the respective parties. . . . It is further stipulated that the legal proposition as to the question of time and amount of interest shall be submitted to the court on briefs.'' A supplemental stipulation of facts was made which is not material here.

The judgment in this case contains the following: ''That there is due and owing to the defendant Bank of Italy National Trust and Savings Association, a corporation, for principal and interest on the note secured by the trust deed, a copy of which said note and trust deed is attached to the answer of the defendant Bank of Italy National Trust and Savings Association, the sum of Seventeen Thousand Sixty-

eight and 02/100 Dollars ($17,068.02).'' It was further adjudged that the Bank of Italy National Trust and Savings Association had the right to proceed with the foreclosure, but it was restrained from doing so for thirty days to enable the plaintiffs to pay the amount due on the note. This judgment was affirmed by this court on May 19, 1932, and the *remittitur* issued July 19, 1932.

In the first case the trial court made no findings of fact, but decided it on the agreed statements of facts. ''Such an agreed statement of facts takes the place of and has the force and effect of an unattacked finding of facts made by the court. (*Burnett* v. *Pacheco*, 27 Cal. 408; *Muller* v. *Rowell*, 110 Cal. 318 [42 Pac. 804]; *McMenomy* v. *White*, 115 Cal. 339 [47 Pac. 109]; *Conway* v. *Supreme Council Catholic Knights of America*, 137 Cal. 384 [70 Pac. 223].)'' (*Estate of Davidson*, 21 Cal. App. 118, at 120 [131 Pac. 67, 68].) See, also, *Faust* v. *City of San Diego*, 115 Cal. App. 277 [1 Pac. (2d) 543]; *Wixom* v. *Davis*, 198 Cal. 641 [246 Pac. 1041].

Where copies of instruments are set forth in an answer, their genuineness and due execution are admitted unless the adverse party denies such genuineness or due execution in an affidavit filed within ten days. (Sec. 448, Code Civ. Proc.) Any new matter alleged in an answer is deemed controverted by the adverse party. (Sec. 462, Code Civ. Proc.) The genuineness and due execution of the note as plead in the answer (due ''three years after date''), and of the guarantee, became issuable facts in the case by their being set forth in the answer, and their genuineness and due execution became admitted when the opposite party failed to deny such issue under oath within the time allowed by law. The parties agreed in writing in the trial court and the trial court found through the agreed statement of facts that the note in the language plead was ''executed'' by El Centro Grain Company, Harry W. Horton and S. T. Marshall, and that Harry W. Horton, S. T. Marshall, J. M. Lathrop, Arthur C. Rath, C. W. Horton and C. G. Wulff guaranteed in writing the payment of the note at the time of its execution and delivery to the payee. C. W. Horton, one of the respondents here, was not a party to that action.

Appellant cites numerous California cases which he maintains support the doctrine that a final judgment is not

only conclusive between the parties and their successors acquiring an interest subsequent to the judgment on "the subject matter in controversy in the action upon which it is based, but also in all other actions involving the same question, and upon all matters involved in the issues which might have been litigated and decided in the case, the presumption being that all such issues were met and decided". (*Bingham* v. *Kearney,* 136 Cal. 175 [68 Pac. 597]; *Quirk* v. *Rooney,* 130 Cal. 505 [62 Pac. 825]; *Martin* v. *Holm,* 197 Cal. 733 [242 Pac. 718]; *Price* v. *Sixth District Agricultural Assn.,* 201 Cal. 502 [258 Pac. 387]; *Elm et al.* v. *Sacramento etc. Co.,* 217 Cal. 223 [17 Pac. (2d) 1003]; *Edmonds* v. *Glenn-Colusa Irr. Dist.,* 217 Cal. 436 [19 Pac. (2d) 502].) This is but another way of stating the familiar rule recognized in many jurisdictions that a party may neither split his demand in more than one action nor reserve some of his defenses for a second action if he be unsuccessful in the first.

It is admitted that a judgment of a trial court from which an appeal is pending is not such a final judgment that it becomes *res judicata* on the issues of the case. (*Brown* v. *Campbell,* 100 Cal. 635 [35 Pac. 433, 38 Am. St. Rep. 314].) The judgment in the case of *El ·Centro Grain Co. et al.* v. *Bank of Italy, etc., supra,* had not become final at the time of the trial of the instant case in 1931. It became final on July 19, 1932, more than a year ago.

In cases presenting similar facts it has been held that a party should ask a continuance of the second trial until a prior case is decided, and that such a request would be good ground for continuance, or that the trial judge could on his own motion continue the second trial. (*Brown* v. *Campbell, supra; Smith* v. *Smith,* 134 Cal. 117 [66 Pac. 81]; *Houghton* v. *Superior Court,* 187 Cal. 661 [203 Pac. 765]; *Pellissier* v. *Title Guarantee etc. Co.,* 208 Cal. 172 [280 Pac. 947]; *Lincoln* v. *Superior Court,* 95 Cal. App. 35 [271 Pac. 1107].) The converse of this situation is presented here. We must answer the question, Where the request is made and denied, is such denial an abuse of judicial discretion?

The Supreme Court was once placed in the unfortunate position of having to affirm two judgments, reaching opposite conclusions on the same state of facts, because no re-

quest for a continuance of the second case had been made in the trial court. (*Priest* v. *Brown,* 100 Cal. 626 [35 Pac. 323]; *Brown* v. *Campbell, supra.*) We are not forced into any such position here because the request for a continuance of the trial was made and denied. We think the case must be retried so that the effect of the now final judgment in *El Centro Grain Co. et al.* v. *Bank of Italy, etc., supra,* on the issues of the instant case may be determined.

■ Appellant urges that the trial court abused its discretion in permitting respondents to file amended answers during the trial setting up the defense of diversion of part of the funds, of unauthorized alteration of the note, and that the security given for its payment had not been exhausted. Considerable latitude is given trial judges in permitting the amendment of pleadings to conform to the proof, and we cannot conclude that it was a breach of discretion to permit the filing of this pleading under the facts presented. The legal sufficiency of the first two special defenses will have to be determined on the retrial of the case and after the judgment in *El Centro Grain Co. et al.* v. *Bank of Italy, etc., supra,* has become final. The third special defense presents a proper question for the determination of the trial court. (*Bank of Italy Nat. T. & S. Assn.* v. *Bentley,* 217 Cal. 644 [20 Pac. (2d) 940]; *Brink* v. *Benton,* 131 Cal. App. 275 [21 Pac. (2d) 455].)

Judgment reversed.

Barnard, P. J., and Turrentine, J., *pro tem.,* concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on August 30, 1933.