[Civ. No. 41779. Second Dist., Div. Two. June 4, 1973.]

C. B. CHRISTENSEN, as Director, etc., Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
RATH PACKING COMPANY et al., Real Parties in Interest.

COUNSEL

Evelle J. Younger, Attorney General, Carl Boronkay, Assistant Attorney General, Herschel T. Elkins and Allan J. Goodman, Deputy Attorneys General, for Petitioner.

No appearance for Respondent.

John H. Larson, Acting County Counsel, Arnold K. Graham, Deputy County Counsel, Joseph P. Busch, District Attorney, Eugene D. Tavris, Deputy District Attorney, Gibson, Dunn & Crutcher and Dean C. Dunlavey for Real Parties in Interest.

## OPINION

**ROTH, P. J.**—The Rath Packing Company, a corporation (Rath) pursuant to laws of the United States and specifically Wholesome Meat Act of 1967, 21 United States Code, section 601 et seq. (U.S. Law) processes, packages, weighs and labels meat products including bacon at its plant in a state other than California and markets the same to retailers throughout the United States, including retailers in Southern California.

The respective district attorneys of Riverside and Los Angeles Counties

joined by the respective directors of weights and measures[1] acting in each county, filed separate actions in each county in which they were later joined by C. B. Christensen, Director of Agriculture of the State of California (Christensen) as intervener, wherein they sought to prevent Rath from selling to retailers in the counties involved packages of bacon labeled and advertised as containing one pound for the reason that the actual weight of the bacon in the package was less than the labeled and advertised one pound.

The Riverside action authorized by section 3369, subdivision 5 of the Civil Code, charged a violation of sections 17535, 17536 of the Business and Professions Code. The Los Angeles action charged violations of the same code sections noted above and also a violation of sections 26550, 26551 of the Health and Safety Code.

The record does not deny that before transportation from Rath's plant the bacon enclosed in the package did weigh one pound and in all other respects conformed to the United States Law. By the time the package was shelved by the retailer to be sold, there was a loss of weight, the reason probably being evaporation, although the record is not clear.

In both actions Rath contended that the weighing, labeling and advertising of the bacon involved was controlled by the United States Law under which Congress had preempted regulation of the product in question and that California was bound thereby.

This proceeding in prohibition has been initiated by Christensen because of the conflicting relief granted by the Riverside and Los Angeles courts and seeks to restrain and abate the Los Angeles action.

The Riverside action was filed February 17, 1972 and the Riverside court on that day issued a temporary restraining order against Rath and on May 16 issued a preliminary injunction confirming the terms of the temporary restraining order. Rath cross-complained and served the necessary parties in the Riverside action on March 30, 1972. On July 7, Christensen intervened in the Riverside action and on November 14, 1972, pursuant to motions made in that action, the Riverside court granted a

---

[1]Joseph E. Jones and M. H. Becker were the directors of the Department of Weights and Measures for Riverside and Los Angeles, respectively. Both were joined in separate cross-complaints by Rath. C. B. Christensen, the Director of Agriculture of the state, intervened in both actions. The objective of the respective district attorneys in each county and that of the respective directors of weights and measures in each county and that of Christensen is the same. However, as will appear *infra*, Christensen seeks by writ to stay the Los Angeles action. The stay is opposed by the Los Angeles District Attorney, plaintiff in the Los Angeles action, and by Rath.

summary judgment and a judgment on the pleadings against Rath. On the motion for summary judgment no declarations raising questions of fact were filed by either side. Rath appealed on January 5, 1973.

The Los Angeles action was filed March 1, 1972. No temporary restraining order was requested or issued by the court. Rath answered and filed a cross-complaint on March 24, 1972, and it requested and there was issued a temporary restraining order by the court against the Los Angeles County Department of Weights and Measures in respect of "off-sale" orders it had issued against Rath. On June 8, 1972, the temporary restraining order theretofore issued was congealed into a preliminary injunction by the Los Angeles court stating that the "off-sale" orders issued by the Los Angeles County Department of Weights and Measures were in violation of the United States Law which had preempted the field.

On July 7, 1972, Christensen intervened in the Los Angeles action, and pursuant to motion made by Christensen to vacate the preliminary injunction, the motion was denied.

In the meantime, on July 9, Rath moved for summary judgment against plaintiffs in the Los Angeles action to which plaintiffs filed declarations raising issues of fact. On July 20, the Los Angeles court denied the motion for summary judgment. It should be noted that in the Riverside action when motion for summary judgment and judgment on the pleadings was made by plaintiffs against Rath, five weeks later, on August 14, 1972, and granted on November 14, 1972, no issues of fact were raised.

In the Los Angeles action an "at issue" memorandum was filed by Rath on September 13 and on November 9, 1972, Rath filed a certificate of readiness. Christensen moved to strike the certificate of readiness and to continue and abate the trial predicated primarily upon the fact that Riverside had resolved issues identical to those presented in the Los Angeles action, and that the Los Angeles action should be delayed until the issues presented by the Riverside judgments had been presented to and ruled upon by the appellate courts. Both motions were denied on November 24, 1972.

The legal issues in both cases are substantially identical. The charge in both is the same and the defense is the same. However, the parties are not the same nor is the scope of the relief which can be granted by either court. Further, there may be questions of fact raised in the Los Angeles action arising from declarations filed by petitioner in opposition to the motion for summary judgment in Los Angeles which were not raised in the Riverside action.

There is a question, too, as to which court first obtained jurisdiction. Although the Riverside action was first filed, Rath, by its cross-complaint seeking an injunction against the department of weights and measures in Los Angeles, to eliminate "off-sale" orders issued by that department did, on the same day that the cross-complaint was filed, to wit: March 30, 1972, serve and file on the department of weights and measures a temporary restraining order subsequently confirmed as a preliminary injunction from which, as pointed out, an appeal is pending. (Code Civ. Proc., § 904.1, subd. (f).)

Thus, Rath was the first to obtain jurisdiction on officials of the department of weights and measures in Los Angeles County who are different officials from those representing the department in Riverside. Since the officials are different the relief each court can grant in the respective actions is limited to enjoining the respective officials representing the department and serving the separate counties. It is clear from the record that petitioner raises questions of fact in the Los Angeles County action. None were raised in the Riverside action. The Los Angeles action also involved sections 26550, 26551 of the Health and Safety Code not referred to in the Riverside action and although the purpose of the omission may not be significant, it may be.

It is also clear that there is an appeal pending from the preliminary injunction granted in the Los Angeles action and that there is an appeal pending from the judgment in the Riverside action. Neither judgment is therefore final.

Petitioner cites in support of his position the following cases: *Robinson* v. *El Centro Grain Co.* (1933) 133 Cal.App. 567, 573 [24 P.2d 554]; *Pellissier* v. *Title Guarantee etc. Co.* (1929) 208 Cal. 172, 184 [280 P. 947]; *Houghton* v. *Superior Court* (1922) 187 Cal. 661, 666 [203 P. 765].

Albeit persuasive, said cases do not fit the situation at bench. In *Robinson,* the court says at pages 573-574: "The Supreme Court was once placed in the unfortunate position of having to affirm two judgments, reaching opposite conclusions on the same state of facts, because no request for a continuance of the second case had been made in the trial court."

It is highly doubtful that the concurrent litigation at bench involving, as it does, concurrent appeals, will cause any similar occurrence.

The district attorney, plaintiff in the Los Angeles action, argues: ". . . it should be noted that (1) the appeal pending in this district[2] was taken prior to the appeal pending in the Fourth District; (2) at the

---

[2]Involving the preliminary injunction in the Los Angeles action.

present time, although the record on appeal in the Fourth District case has already been certified to the appellate court and the case is awaiting the filing of appellant's opening brief, it is our understanding from the Office of the County Clerk that the record on appeal in the Second District case will be filed as soon as the clerk's office locates a missing document, which that office expects to locate shortly; and (3) in each instance the appellate court will be presented the same issues of law, in the one instance Rath Packing Company having prevailed (Second District case), and in the other instance Rath Packing Company having lost (Fourth District case) on these issues."

The nature of the litigation before us does not indicate an abuse of discretion by a trial court in refusing to delay one action until another similar action is terminated.

At bench no multiplicity of litigation which would interfere with the orderly processing of trials or of the appeals in each case is presented, nor is there at bench any certainty that even if the Riverside appeal is first determined, that it would be res judicata as to the Los Angeles action. We see no breach of judicial courtesy or expediency and no failure to act in the public interest.

Finally, pending the concurrent litigation involved herein, the record establishes that Rath filed several actions in the United States District Court, Central District of California, involving the identical issues at bench against all the state parties actually in interest in the Los Angeles and Riverside actions and on April 4, 1973, a judgment reserving continuing jurisdiction, was entered against the state parties enjoining interference in a federally preempted field. Said judgment[3] has become final and it states in pertinent part: "The Congress here has left no doubt. It is *the* provisions of *the* federal Wholesome Meat Act of 1967 that are applicable to mislabeling or misbranding that must be applied. Neither state legislatures nor state officers can add or subtract from those definitions. If administrative definition of 'reasonable variances' is desirable, it is the United States Secretary of Agriculture who must speak. When he fails to speak or misspeaks his authority, the state cannot substitute its voice. Defendants here do not, in any sense of the word, pretend to be applying federal statutory standards. The enforcement of California Business and Professions section 12211 and its implementation in California Administrative Code

---

[3]*The Rath Packing Company* v. *M. H. Becker,* Civil No. 72-607-R. *C. B. Cristensen,* Intervener; *The Rath Packing Company* v. *The People of the State of California; Joseph W. Jones,* Civil No. 72-608-R.

Article 5 exceeds the concurrent enforcement rights of the state and its officers."

The issue before us, however, is not whether the United States Law has preempted the field. We decide only that there was no abuse of discretion in the denial of petitioner's motion to continue and stay the trial in the Los Angeles court.

The order to show cause is discharged and the petition for a writ of prohibition is dismissed.

Fleming, J., and Compton, J., concurred.

A petition for a rehearing was denied July 2, 1973, and petitioner's application for a hearing by the Supreme Court was denied August 1, 1973.