**PERFORMANCE PLUS FUND, LTD., a Foreign Corporation now doing business as Brafor Capital Corporation, Ltd., a Foreign Corporation, Plaintiff,**

v.

**WINFIELD & CO., INC., Winfield Associates, Inc., Meridian Capital Corporation, Meridian Management Corporation, Robert R. Hagopian, and A. Stephen Sanders, Defendants and Third-Party Plaintiffs,**

v.

**MARK F. HOPKINS & COMPANY, INC., Insurance Brokers, a corporation, and Mark F. Hopkins, Individually, Third-Party Defendants.**

No. C–73–2178 ACW.

United States District Court,
N. D. California.

Dec. 22, 1977.

Joseph W. Cotchett, Jr., Cotchett, Hutchinson & Dyer, San Mateo, Cal., for plaintiff.

Thomas M. Burton, Hancock, Rothert & Bunshoft, San Francisco, Cal., for defendants Winfield.

Phillip S. Berry, Berry & Berry, Oakland, Cal., for defendants Mark Hopkins.

## ORDER GRANTING SUMMARY JUDGMENT AND ADJUDGING FRANKLIN RESEARCH, INC. LIABLE

WOLLENBERG, District Judge.

### I. Order Granting Summary Judgment

Third-party defendants Mark F. Hopkins & Company, Inc., and Mark F. Hopkins, individually, (Hopkins) have moved for summary judgment on the ground that this Court's decision in the related case of *Research Equity Fund, Inc. v. Insurance Company of North America* (the *Research Equity* case), No. C–74–1174 ACW, should be given *res judicata* effect. For the reasons developed herein, the motion for summary judgment pursuant to Rule 56(b) is granted.

This motion arises in a trifurcated trial. The history of this case can be very briefly stated at this point. Further explanation of the issues involved will be elaborated on as necessary to this order. On December 16, 1976, this Court entered its findings of fact and conclusions of law and judgment for defendant in the *Research Equity* case. The Court determined that the bonds issued by defendant to plaintiff would not cover any possible liability arising out of trading by the Winfield entities officer, A. Stephen Sanders. Trial was then had on the plaintiff's complaint in *Performance Plus Fund, Ltd. v. Winfield & Company, Inc., et al.* (the *Performance Plus* case), No. C–73–2178 ACW, to determine defendants' liability for losses to plaintiff that resulted from Sanders' improperly manipulative trading. The third-party cross-complaint (the *Winfield* case) of defendants Winfield & Company, Inc. and Winfield Associates, Inc. (Winfield), against Hopkins, the broker who sold plaintiffs the bonds in question in the *Research Equity* case, was separated for later trial. A jury verdict was rendered against defendants in the *Performance Plus* case and defendants now seek to pass that liability on in this cross-complaint against Hopkins. Hopkins raises as a defense to this action that the plaintiffs in the *Research Equity* case and the plaintiffs in this case, the *Winfield* case, are in privity and that the issues in the two cases are the same. Therefore, Hopkins argues, the judgment entered against plaintiff in the *Research Equity* case should be *res judicata* in effecting a judgment against Winfield in this case.

■ There are three basic requirements before a case can be given *res judicata* effect: the judgment must be final; there must be privity between certain parties; and the issues sought to be collaterally estopped must have been litigated in the prior suit. Thus the party against whom *res judicata* is to operate must have had a fair and full opportunity to litigate. *Blonder-Tongue v. University Foundation*, 402 U.S. 313, 329, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1970).

### A. Finality of the Judgment

■ Before reaching the questions of privity or the extent of the similarity of issues, it must be determined whether a case pending on appeal, as is the *Research Equity* case, can be considered final and

therefore entitled to *res judicata* effect. This issue was not raised nor briefed by the parties and is a difficult one as California and federal law differ on this point. Under the minority California rule, a trial court judgment in a case pending on appeal is not considered final. Cal.Code Civ.Proc. § 1049; *Swaffield v. Universal Ecsco Corp.,* 271 Cal. App.2d 147, 159–60, 76 Cal.Rptr. 680, 687 (1969); *Robinson v. El Centro Grain Co.,* 133 Cal.App. 567, 24 P.2d 554 (1933). The federal courts do consider such a judgment final for purposes of *res judicata* effect. *Huron Holding Corp. v. Lincoln M. Operating Co.,* 312 U.S. 183, 61 S.Ct. 513, 85 L.Ed. 725 (1940); *Deposit Bank of Frankfort v. City of Frankfort,* 191 U.S. 499, 520, 24 S.Ct. 154, 48 L.Ed. 276 (1903); *Swaffield v. Universal Ecsco Corp.,* 271 Cal.App.2d at 160, 76 Cal.Rptr. at 687.

The jurisdictional basis for the *Research Equity* case is diversity of citizenship. Conclusion of law no. 1, findings of fact and conclusions of law, the *Research Equity* case. (Hereinafter all references to findings of fact or conclusions of law are to those entered in the *Research Equity* case.) The *Winfield* case is here as a cross-complaint in the *Performance Plus* diversity case. Conclusion of law no. 2. Since a decision on whether a case pending on appeal can have *res judicata* effect would substantially affect the plaintiff's rights, it might be presumed that it is a substantive question and that therefore state law controls under the *Erie* doctrine.[1] However, federal courts have indicated the necessity of applying federal law to determine the *res judicata* effect of a prior federal court judgment in order to protect the integrity of the federal system. *United States v. United Air Lines, Inc.,* 216 F.Supp. 709, 720 (E.D.Wash., D.Nev.1962), *aff'd sub nom. United Air Lines, Inc. v. Weiner,* 335 F.2d 379 (9th Cir. 1964). Furthermore, an underlying reason for the California rule is that the state appellate courts can make new findings of fact and may adduce additional evidence, Cal.Code Civ.Proc. § 909, whereas this is not true in the federal system so the logic of the California rule is not applicable to a federal case pending on appeal. *See United States v. United Air Lines, Inc.,* 216 F.Supp. at 719.

Federal cases reaching a conclusion contrary to that of this Court were ones in which the question of conflict of laws arose after the first judgment was entered in state court and a party sought to give it *res judicata* effect in a subsequent federal action. These cases applied state law and declined to give *res judicata* effect to a state court judgment pending on appeal. *See, e. g., Ray v. Hasley,* 214 F.2d 366 (5th Cir. 1954); *Wells Fargo Bank & Union Trust Co. v. Imperial Irrigation District,* 136 F.2d 539, 552 (9th Cir. 1943), *cert. denied* 321 U.S. 787, 64 S.Ct. 784, 88 L.Ed. 1078 (1943). A California court has applied what this Court considers the appropriate rule and has relied on federal law to give *res judicata* effect to a federal court judgment pending on appeal. *Swaffield v. Universal Ecsco Corp.,* 271 Cal.App.2d at 160, 76 Cal. Rptr. at 687. *See also Martin v. Martin,* 2 Cal.3d 752, 87 Cal.Rptr. 526, 470 P.2d 662 (1970). This rule has also been applied in the District Court in this Circuit, where it was stated that federal law controlled the effect of a judgment pending on appeal even where both cases in question rested on diversity jurisdiction. *United States v. United Air Lines, Inc.,* 216 F.Supp. at 720–21. Some doubt was cast on the Ninth Circuit's adoption of the District Court's position because in affirming the result, the Ninth Circuit did not adopt the District Court's opinion on this issue, as it did on the related issue of the necessity for mutuality of collateral estoppel, nor did it refuse to apply state law. Instead, the Ninth Circuit stated that "it would be an idle gesture to reverse the summary judgment in the Nevada cases with directions to the district court to enter the same judgment on the basis of the *res judicata* effect of the affirmed judgments." *United Air Lines, Inc. v. Weiner,* 335 F.2d at 405. *See also Berner v. British Commonwealth Pacific Airlines, Ltd.,* 346 F.2d 532 (2d Cir. 1965). Both the

1. *Erie R.R. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

Second and the Fifth Circuits have held that federal law controls. *Zdanok v. Glidden Co.,* 327 F.2d 944 (2d Cir. 1964), *cert. denied* 377 U.S. 934, 84 S.Ct. 1338, 12 L.Ed.2d 298 (1964); *Aerojet-General Corp. v. Askew,* 511 F.2d 710, 715 (5th Cir. 1975). It is this Court's view that the federal law is the applicable law. Therefore, the *Research Equity* case may be *res judicata* as to the *Winfield* case even though an appeal is pending.

## B. Privity

■ In order for collateral estoppel to apply in this case to issues litigated in the *Research Equity* case there must exist privity between the plaintiff in the *Research Equity* case, Research Equity Fund, Inc., and plaintiffs in the case at hand, Winfield & Company, Inc., and Winfield Associates, Inc. There are two bases which establish sufficient privity. First, plaintiffs in both cases are so closely aligned in interest that Research Equity Fund, Inc. was a virtual representative of the Winfield entities' interest. See *Aerojet-General Corp. v. Askew,* 511 F.2d at 719. Plaintiffs had several common directors. They conducted their business in an interrelated fashion. Winfield & Company, Inc. made the investment decisions for Winfield Growth Fund, the predecessor to Research Equity Fund, Inc. Findings of fact nos. 71–73. The bonds in question in the *Research Equity* case named as insureds the plaintiff in that action and the plaintiffs in the instant action. Findings of fact no. 16. All plaintiffs have a sufficiently similar financial interest in the outcome of the lawsuit that they had a full and fair opportunity in the first suit to litigate any similar issues. All plaintiffs are now merged into Franklin Research, Inc. (Franklin), which because of its liability for the judgment against all of the plaintiffs, as ordered herein, had a common financial interest in both lawsuits. This leads to the second basis for a finding of privity, *viz.,* the conduct of the litigation by the same entity, Franklin. Franklin's control of the *Research Equity* case gave it the opportunity to fully litigate all common issues, and it did so vigorously.

■ There is no requirement that the defendant Hopkins also be in privity with the defendant in the *Research Equity* case. California law controls whether mutuality is required for *res judicata, United Air Lines, Inc. v. Weiner,* 335 F.2d at 404, adopting the opinion of the court below, 216 F.Supp. at 725–29, and California has rejected the mutuality requirement. *Bernhard v. Bank of America,* 19 Cal.2d 807, 122 P.2d 892 (1942).

## C. Similarity of Issues

The gravamen of the complaint in the *Winfield* case against Hopkins is that plaintiffs "relied and depended upon HOPKINS as their fiduciary agent to recommend the appropriate insurance carrier and fidelity bond coverage. They contend that they purchased the $2 million INA blanket brokers bonds, without trading loss coverage, in reliance upon HOPKINS' recommendation that trading loss coverage was not necessary and that the coverage sought would not be diminished by its absence, but that it might be wise to purchase a small amount just to be sure. Additionally, [plaintiffs] contend that the INA bonds recommended by HOPKINS did not offer as much protection as other comparably priced bonds marketed by other insurers." Pretrial statement of Winfield & Company, Inc. and Winfield Associates, Inc., as to liability of Mark F. Hopkins and Mark F. Hopkins & Co., Inc., November 11, 1977, at pp. 4–5. Plaintiffs advance several legal theories of liability based on these alleged facts. These facts are disputed by defendant Hopkins and it is Hopkins' view that these issues have already been decided by this Court against the Winfield entities as privies with the plaintiffs in the *Research Equity* case. The Court agrees with Hopkins.

The *Research Equity* case was a trial to the Court on the question of whether the bonds purchased by plaintiff from INA through broker Hopkins covered any liability that might be established in the *Performance Plus* case based on the actions of

employee A. Stephen Sanders. This Court based its decision that there was no coverage on the grounds relevant to this action that the bonds excluded trading loss coverage (findings of fact nos. 24–26, 139, 141, and 144), that the actions of Sanders constituted trading (finding of fact no. 196), that Winfield Growth Fund and Winfield & Company, Inc. knew they were trading (findings of fact nos. 185 and 192–200), and that the Winfield entities did not rely on Hopkins in reaching their decision not to purchase trading loss coverage (findings of fact nos. 114–31, 134, and 142).[2] It was concluded that "[t]he insureds had no reasonable expectation that the losses of the character sustained by them in this case would be covered under INA's bonds." Conclusion of law no. 13. The findings show that the Winfield entities relied on the advice of their attorneys, rather than on that of Hopkins, in independently determining not to purchase trading loss coverage and that they were aware of the potential losses this left uncovered. The findings were material and not incidental to the judgment. The plaintiffs' contention that they had the opportunity to litigate and that the Court determined lack of reliance on Hopkins *only* as to whether the bonds met S.E.C. requirements cannot prevail. This Court had before it and considered evidence on issues broader than that, including whether plaintiffs relied on Hopkins at all, because were it found that Hopkins was INA's agent, INA might have been liable for the representations of its agent regardless of the express trading loss exclusion.

As to plaintiffs' second basis for raising this cross-complaint, this Court also determined in the *Research Equity* case that the bonds sold by INA through Hopkins, though different in form than the Surety Association Bonds, were not unusual in effect. Finding of fact no. 29. This fact precludes litigation of Hopkins' liability on a claim that the bonds purchased did not provide as much coverage as others available.

## II. Liability of Franklin Research, Inc.

On October 7, 1977, plaintiff Performance Plus Fund, Ltd. appeared in this Court to move that a final judgment be entered based on the jury verdict rendered on August 30, 1977, in the *Performance Plus* case. In this motion it was proposed that the judgment substitute Franklin for Winfield & Company, Inc. for liability on the verdict. The Court declined to rule on the motion at that time because it considered entry of judgment premature before disposition of the cross-complaint against Hopkins. The Court is now prepared to rule and adjudges Franklin liable.

The issue presented by this motion is whether Franklin, not having been served nor named in the complaint, can be held to have consented to the jurisdiction of this Court by its appearance in this matter. The stipulation between the parties, filed on January 3, 1974, states that service was on the Winfield entities. There are no facts in the record to the contrary indicating that service was on Franklin. But it is the Court's view that Franklin waived this defense and brought itself within the jurisdiction of the Court by the manner in which it conducted the litigation on behalf of the Winfield entities.

Franklin openly represented Winfield & Company, Inc. as successor by merger.

---

2. The language of three of the significant findings of fact on the reliance issue is as follows:

"115. WGF did in fact exercise its independent judgment as to the amounts and coverage to be purchased under the bonds.

131. The board had no communications with Hopkins or INA. They relied solely upon the advice of Courtley and their attorneys with regard to the interpretation and adequacy of the bonds.

142. It was always the Winfield entities' decision which coverage to purchase, not Hopkins' decision."

Contrary to the position taken by defendants, the fact that any of the findings in the *Research Equity* case were made as to individual members of the Winfield entities, rather than as to the Winfield entities as a group, does not preclude the findings from being binding on others in privity.

Counsel signed the answer and cross-complaint as "Attorneys for Defendant, Cross-Claimant and Third-Party Plaintiff FRANKLIN RESEARCH, INC., formerly WINFIELD & CO., INC." Franklin cross-claimed against Insurance Company of North America and A. Stephen Sanders on its own behalf and admitted in the cross-complaint that it would be injured if plaintiff prevailed[3] and that it had been made a party to the action.[4] That Franklin controlled the litigation is attested to by the fact that it designated the attorneys who tried the case.[5] Franklin also indicated itself as defendant in various other pleadings and answers to interrogatories throughout the course of this action.[6]

This case is closer to authority in which a successor corporation was held liable after defending the constituent than it is to authority in which a non-related corporation defended another and was not found to have subjected itself to liability. *Compare Moe v. Transamerica Title Insurance Co.*, 21 Cal.App.3d 289, 98 Cal.Rptr. 547 (1971) *with Schnell v. Peter Eckrich & Sons*, 365 U.S. 260, 81 S.Ct. 557, 5 L.Ed.2d 546 (1961) *and Merriam v. Saalfield*, 241 U.S. 22, 36 S.Ct. 477, 60 L.Ed. 868 (1915). The Court does not need to reach the question of whether Franklin would be liable merely as successor by merger under Cal.Corp.Code § 1107 in this action filed against the constituent with full knowledge of the merger because Franklin openly assumed the defense of the action as the same entity.

Franklin contends that *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 89 S.Ct. 1562, 23 L.Ed.2d 129 (1969) controls this action and establishes its non-liability. That case involved a patent infringement action by Hazeltine Research, Inc. (HRI) against Zenith, and a counter-claim by Zenith against HRI and its parent, Hazeltine Corporation. HRI and Zenith stipulated that, for purposes of the litigation, HRI and Hazeltine Corporation were to be considered one and the same. The Court reversed the District Court's entry of judgment against Hazeltine Corporation on the grounds that "Hazeltine was not named as a party, was never served and did not formally appear at the trial. Nor was the stipulation [to which Hazeltine was not a party] an adequate substitute for the normal methods of obtaining jurisdiction over a person or a corporation." *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. at 110, 89 S.Ct. at 1569. This case is clearly distinguishable from the case at hand in which Franklin openly controlled the litigation and had full opportunity to defend itself. *See also Tidewater Patent Development Co. v. Kitchen*, 421 F.2d 680, 681 (4th Cir. 1970).

ACCORDINGLY, IT IS HEREBY ORDERED that the motion for summary judgment of third-party defendants Mark F. Hopkins & Company, Inc. and Mark F. Hopkins is GRANTED.

---

**3.** Cross-claim against Insurance Company of North America in answer of Winfield & Co., Inc., by its successor by merger, Franklin Research, Inc., ¶ 9, filed February 27, 1974.

**4.** Cross-claim against Stephen Sanders in answer of Winfield & Co., Inc., by its successor by merger, Franklin Research, Inc., ¶ 3, filed February 27, 1974.

**5.** Substitution of attorneys, CCP § 284(1), filed September 16, 1974.

**6.** *See, e. g.*, Stipulation for order extending time to answer interrogatories, filed August 15, 1974; Stipulation for order extending time to answer interrogatories, filed September 20, 1974; Statement of facts and memorandum of Winfield Associates, Inc. and Winfield and Co., Inc., in support of motions to amend their answers to plaintiff's complaint [Rule 15], for

protective order [Rule 26(c)], for separate trial [Rule 42(b)], and for dismissal [Rule 12(b)], filed October 17, 1974; Amendment to answers of Winfield & Co., Inc. and Winfield Associates, Inc. to the amended complaint of Performance Plus Fund, Ltd., filed December 11, 1974; Answers of Winfield and Co., Inc. and Winfield Associates, Inc. to first set of written interrogatories of Insurance Company of North America, filed January 16, 1975; Request for production of documents, filed January 16, 1975; Affidavit of Thomas M. Burton in opposition to motion of Insurance Company of North America for order compelling further answers to interrogatories, filed March 21, 1975; and Second set of supplemental answers of Winfield to first set of written interrogatories of Insurance Company of North America, filed July 9, 1975.

**1194**

IT IS FURTHER ORDERED that Franklin Research, Inc. be substituted for defendant Winfield & Company, Inc. on the liability arising out of the jury verdict rendered on August 30, 1977.